### BROWNELL vs. BROWNELL and others.

Proceedings in partition under the statute, can be instituted only by a party who has an estate entitling him to immediate possession.

It seems that if such disability exist, regularly it should be pleaded; but if there has been an omission to plead it, it may be taken advantage of at the trial under the plea of non tenent insimul.

Where a testator is the owner of the moiety of a lot containing 120 acres and by his will devises " the one half of lot No. 137 containing 60 acres of land," the moiety of the whole lot, and not merely a moiety of the sixty acres passes to the devisee.

THIS was a suit in partition, commenced by petition under the statute, tried at the Rensselaer circuit in March, 1835, before the Hon. JAMES VANDERPOEL then one of the circuit judges.

The petition presented by Sarah Brownell stated that herself, Daniel Brownell and Esther his wife, William Herald and Jane his wife, and a number of other persons named in the petition, held and were in the possession as tenants in common of a certain lot of land, (particularly described) containing 64 acres; that the petitioner had an estate of inheritance in fee in an equal undivided third part of the premises; that Daniel Brownell and Esther his wife, were entitled to the use of an equal undivided half or moiety of the said premises during their natural lives respectively, that Jane, the wife of William Herald, had an estate of inheritance in remainder in the said moiety of the said premises, commencing on the termination of the life-estates of Daniel Brownell and Esther his wife, and that the other tenants in common named in the petition had severally estates of inheritance in the premises, the extent of which was unknown to her. The petition then concludes in the usual form praying partition, &c. Daniel Brownell and wife, and

William Herald and wife appeared and pleaded non tenent insimul as alleged in the petition. On the trial of the cause, the plaintiff produced the last will and testament of her husband Simeon Brownell, duly executed, bearing date 2d October, 1830, whereby the testator devised to the plaintiff one third of his real estate in fee. The will also contained a clause in these words—"I do hereby authorize and require " my executors to retain in their hands the one half of lot "number 137, containing 60 acres of land for the use of " Daniel Brownell and his wife during their natural lives, " the said Daniel must pay the annual rent reserved in the "lease of said land ; and after the decease of the said Dan-"iel and his wife Esther, I give and devise unto their daugh-"ter Jane Brownell the equal undivided half of said lot, to "her and her heirs and assigns forever." It appears that Simeon Brownell died in 1832 in possession of the west half of lot No. 137, the whole lot containing about 120 acres of land, and that for several years previous to his death, he had been reputed the owner of such west half of the lot. The plaintiff having rested, the defendants moved for a nonsuit on the ground that the plaintiff had failed to show herself in possession of the premises at the time of the institution of these proceedings : which motion was overruled by the judge. After the motion for a nonsuit, it was proved that the testator never owned a greater proportion of lot No. 137, than the moiety. Evidence was also given as to the declared intent of the testator in the dispositions of his property made by his will, and as to the value of his property at the time of his death. A verdict was entered for the plaintiff subject to the opinion of this court.

The case was submitted on written arguments. The principal question discussed arose upon that part of the will in which the testator makes provision for his son Daniel. The counsel for the plaintiff insisting that by that portion of the will, life estates were given to Daniel and his wife, only in a moiety of the 60 acres, and that consequently, the devise to the plaintiff of one third of the real estate of the testator attached upon the remaining moiety.

NEW-YORK,
May, 1838,

*H. P. Hunt,* for plaintiff.

Brownell
v.
Brownell.

*D. L. Seymour,* for the defendants.

*By the Court,* NELSON, Ch. J.   The judge was right in refusing to nonsuit the plaintiff on the ground that she had not proved herself in possession of the premises, because for aught that appeared she was in possession, if the construction of the *will* contended for by her was correct.  Possession would follow the legal title, no *adverse* possession having been shown.   The provisions of the statute, 2 R. S. 317, 320, § 1, 16, upon which the motion was probably founded, do not require a *pedis possessio* to entitle a party to institute proceedings in partition.

The only material question in the case turns upon the will of the plaintiff's husband, in respect to the estates of his son Daniel and his wife, and of their daughter Jane. The testator directed his executors to retain in their hands " the one half of lot No. 137, containing sixty acres of land, for the use of D. B. and ' his wife during their natural lives' " —and after directing that he should pay the annual rent reserved on it, he devised to Jane, after the decease of his son Daniel and his wife, " the equal undivided half of said lot to her and her heirs forever."   The lot No. 137 contained about 120 acres, only the west half of which belonged to the testator ; and it is insisted that he intended to devise but a *moiety* of this half to his son Daniel and his wife ; and of course a third of the other moiety would pass under the will to the plaintiff.   It appears to me the clause will not bear this interpretation—the words define naturally and distinctly, his whole interest both by a general and particular description—" the one-half of lot No. 137, containing sixty acres of land."   The specification of the acres embraced in the one-half of the lot, clearly indicates what the testator meant by the use of this general phrase, if a doubt could otherwise have been raised upon it, under the circumstances.   He must have intended to describe his entire interest.   Nothing short of this can satisfy the words.   The plaintiff is obliged to contend that when the testator uses the terms the *one*

*half of lot No.* 137, he means only a *moiety of the half* —and when he says sixty acres he means but *thirty.* Even if the draftsman could have committed so great a blunder as to have used the terms half the lot, when he was endeavoring to define but a moiety of the half, we should suppose, in the further description of it, he would have been more successful in giving the acres for if the moiety of the half had been in his mind, he would naturally have given 30 instead of 60 acres as the quantity of land intended to be devised. Instead of this, the only description given is one half of the lot, containing 60 acres—being the number supposed included in it. We may remark also, that the clause immediately following the devise confirms the above view. The testator adds, "the said Daniel must pay the annual rent reserved in the lease of *said land.*"—What land ? that of course just described, and the lease covered the whole of it. It is not necessary to express an opinion upon Jane's interest ; for conceding to the plaintiff an interest *in remainder*—which may be doubtful—I do not see how partition can now be made. She is not now entitled to the *possession,* and will not be so entitled until after the termination of the estate for lives ; and a partition *now* made, may be a very unequal one *then.* Indeed, the statute requires that the petitioner should be in possession ; that is, he must have at the time of presenting his petition, either actual or constructive possession of the premises. It is true as suggested by the plaintiff's counsel, that the statute, § 16, p. 320, seems to contemplate that this objection should be set up by way of plea, specially denying the fact, and which having been omitted here, would consequently lead to a judgment of partition in favor of a party who has shown only an estate in remainder to take effect after two lives, and therefore no present right of possession. But it appears that the same defence is available under the plea of *non tenent insimul,* which has been put in, as is satisfactorily shown upon reason and authority by Chancellor Jones, in *Clapp* v. *Bromagham,* 9 Cowen, 561, 573.

As the verdict was taken for the plaintiff, subject to the opinion of the court, the defendants are entitled to judgment.