O'Dougherty *v.* Aldrich.

O'Dougherty *vs.* Aldrich.

A plaintiff who has been nonsuited at his own request in a court of common pleas, cannot maintain error, though questions of law were decided against him by the court, and the nonsuit was submitted to by the plaintiff, professedly with a view of enabling him to review those questions in this court.

A suit in partition cannot be maintained unless the plaintiff or petitioner is in possession of the premises.

Where land is devised subject to the performance of a condition subsequent, and the devisee enters, and suffers a breach of the condition, a party entitled to an undivided part of the land in consequence of the breach of the condition, as tenant in common with the devisee, cannot maintain partition against the devisee, but must first establish his title by ejectment.

Error to the Jefferson common pleas.   The plaintiff in error filed a petition in the court below for his portion of certain lands, which, as he alleged, he held in common with eight other persons, to whom the petition was addressed.   The petition stated that Leonard Aldrich died seized of the premises in August, 1831, leaving a widow and eight children, and having made his will, by which he devised an undivided third part of all his property to his wife, and the undivided two-thirds to his son Lewis; the devise to Lewis being, as stated, " on the consideration" that he should support and maintain the testator's four youngest children until they should respectively arrive at the age of eighteen years, provided they should live on the farm with him.   Legacies of $50 are given each of the children, except Lewis, to be paid by Lewis, " as a part of the condition on

which he has the above property bequeathed to him," on the day the testator's youngest daughter should arrive at the age of eighteen, which day, it is stated, had elapsed.   The petition alleged that Lewis Aldrich had neglected to provide for the support and maintenance for the younger children, and had abandoned them and the farm, and had not paid the several legacies of $50 each, or either of them, but refused to do so; " by reason whereof the said will became void and of no effect," except as to the devise of one-third to the widow; and the two-thirds vested in all the children, as heirs at law of their father. The plaintiff claimed one-twelfth of the premises, being the share of Jonathan, one of the children, by a conveyance in fee from him executed in May, 1844.   Prayer for a partition and the appointment of commissioners, &c.

Lewis Aldrich pleaded, 1. That the petitioner was not in possession; 2. That the petitioner was not seized or possessed of any estate in the premises; 3. That the defendants do not hold in common with the petitioner.   Issue being joined upon these pleas, the cause was tried in the court below in February, 1845.

It appeared that Lewis Aldrich went into possession of the premises under the will, and was in possession when the petition was filed.   Evidence was then given tending to show that he had neglected to furnish the support and pay the legacies. When the plaintiff had rested the defendant's counsel moved for a nonsuit, insisting that the plaintiff was not in possession, but that Lewis Aldrich was; that the plaintiff's conveyance from Jonathan was void on account of the adverse possession of Lewis, and that the evidence did not show a breach of the conditions.   The court at first held that there was evidence to go to the jury, and the defendant was about to proceed with his defence when the petitioner's counsel stated that if, *as the case then stood,* the court should charge against the petitioner, he would prefer that a nonsuit should be granted, though he did not consent to a nonsuit.   The court declared that as the case then stood their opinion would be against the petitioner on all the points.   On this intimation being given, the petition-er's counsel stated that he should prefer to have the court grant

O'Dougherty *v.* Aldrich.

a nonsuit, as he thought it would be the better mode of present-
ing the questions to the supreme court, and, as the bill of ex-
ceptions states, " accordingly on such request the court granted
the nonsuit." Judgment of nonsuit having been perfected the
petitioner brought a writ of error.

*C. P. Kirkland,* for the plaintiff in error.

*John Clark,* for the defendant in error.

*By the Court,* WHITTLESEY, J. This is not a motion for
a new trial in the court in which the trial took place, but it is
a writ of error founded upon a bill of exceptions. The bill
states that the court below refused to nonsuit the plaintiff or
petitioner on the application of the defendant, but did after-
wards grant the nonsuit at the request of the petitioner himself.
I do not see how he can ask this court to pronounce the deci-
sion to be error which was made at his own request, after pre-
cisely such an order had been refused on the application of the
defendant. I do not perceive that it makes any difference that
the plaintiff supposed this to be the better mode of presenting the
question to the supreme court, or that he said, *pro forma,* that
he did not consent to the nonsuit, so long as it appears that the
court did nonsuit him at his request. A court of appellate juris-
diction cannot reverse a judgment of nonsuit which has been
produced by the voluntary act of the plaintiff himself. (*Van
Wormer* v. *The Mayor of Albany,* 18 *Wend.* 169.) The legal
propositions are not the same as they would have been if the
court below had not changed its decision at the request of the
plaintiff. The grounds upon which the defendant asked for
a nonsuit involved questions of fact as well as of law, and if it
had been granted would have involved the judgment of the
court upon the sufficiency of the evidence which had been ad-
duced on the part of the plaintiff. There was evidence upon
the subject which might with propriety, as the court thought,
be left to the jury. It was in the power of the court to say un-
doubtedly that the evidence sustained the grounds upon which

the defendant asked for a nonsuit, but it might have been dis-creet to submit the question of fact to the jury. If submitted to the jury, it could have been submitted under instructions defining what constituted possession in law, and asking the jury to find as to the facts. It would seem that the opinion of the court below was in favor of the defendant on all the points presented by him, that is, they thought the proposi-tions submitted by him were sustained by the evidence, and that the legal effect of them would be to disallow the plain-tiff's claim.

The plaintiff, to make out his case, must show that he was either actually or constructively in possession; (2 *R. S.* 317, § 1;) and that the defendant Lewis Aldrich had not performed the conditions of the will. If he entered under the devise to him, a possession so acquired would be clearly adverse to any claim of title on the part of his brothers and sisters as heirs. If the brother who is the plaintiff's grantor, is to be deemed to be out of the possession by the adverse possession of Lewis Al-drich, under the will, the conveyance to the plaintiff must for that reason be held void. If Lewis entered under the will, and remained in possession for years, claiming by virtue of the de-vise, but did not perform the conditions of the will, I apprehend that the heirs at law must establish the breach of condition, and their consequent right to enter for such breach by an eject-ment against the party so in possession, and that they could not try the question of breach of condition in a suit for partition, as they would have no possession either actual or constructive to authorize them to maintain a suit in partition. (*Jenkins* v. *Van Schaack,* 3 *Paige,* 242; *Clapp* v. *Bromagham,* 9 *Cowen's Rep.* 530.)

I should agree with the court below that the plaintiff failed to prove enough to show that either the plaintiff or his grantor were in possession, either actual or constructive, at the time of filing the petition; or that the defendant Lewis Aldrich had failed to perform the conditions of the will in such a manner as to defeat his title under it, and should have thought that the

plaintiff was properly nonsuited on the merits. But whether this was so or not, as the nonsuit was granted at the request of the plaintiff himself, the judgment of the court below should be affirmed.

Judgment affirmed.