By the Court:

The object of our recent statute is .to allow amendments either in form or substance any time before judgment, on such-terms as the Court may deem reasonable under the circumstances, to prevent a failure of justice, or unnecessary delay in the judicial administration of it, by reason of mistakes, accidents or surprises of this character. The Court will therefore allow the amendment to bp made by.the plaintiffs, on condition that they-pay the costs of the term and grant a continuance of the case, if *337 the counsel for the defendants requires it. The counsel for the defendants replied that he was willing to proceed with the trial, if the costs of the term were paid by the plaintiffs. But the Court said that if the amendment did not require a continuance of the case on the part of the defendants, they could impose no condition on the plaintiffs as to the costs of the term. After some consultation between the counsel, however, the plaintiffs agreed to pay the costs of the term, and the trial proceeded.
W. Saulsbury, for the defendants,
raised the objection that the testimony was not admissible. The plaintiffs were es-topped by the proceedings in chancery on their petition for partition of the premises between themselves as the heirs of John Short and H. Piper as the grantee of Isaac *338 Short, in which she was admitted and recognized, alike in the petition, the commission to make the partition, and in the decree of the Chancellor affirming and establishing it, as seized in fee of the one moiety of the premises, by virtue of the said Isaac Short’s deed to her, as tenants in common with them who were seized of a like interest and estate in them, under the devise by Edward Short to John Short, their father. 1 Greenl. Ev., secs. 22, 23, 207, 528; Jackson v. Hoffman, 9 Cow. 271; Inskeep et al. v. Shields et al., 4 Harr. 345; Tubbs v. Lynch, 4 Harr. 521; Stean v. Anderson, 4 Harr. 209. Furthermore, it was not competent in a court of law to impeach the validity of a deed executed, acknowledged and recorded,, on the ground of the mental incapacity of the grantor to make it, at least it had never been done in this State.
*337 The defendants’ counsel then offered in evidence the deed of Isaac Short to Hannah Piper, dated January 12, 1835, for his share of the premises, which was objected to on the other side, ffrst because it appeared to be null and void upon its face, and secondly because the grantor was incompetent, by reason of his mental incapacity, to make a valid deed at that time. But the Court overruled the objections. They applied to the effect, not the admissibility of the deed, as evidence for what it was worth. For if it appeared to be formally executed, and was delivered as his deed, it was admissible in evidence, and the grounds of objection were matters for consideration before the jury. He then put in evidence sundry other deeds, by which he traced the title from Hannah Piper in the premises to Robert Prettyman, one of the defendants. After which, testimony was adduced on the part of the plaintiffs to prove that Isaac Short, who was now dead, was in his lifetime a person of weak and imbecile mind, and had been so from his birth; that he was non compos mentis, and was conse- . quently incapable of making a valid deed and conveyance for his interest and estate in the premises to Hannah Piper, from whom the defendant R. Prettyman derived his title. During the examination of the second witness to this point,
C. S. Layton, for the plaintiffs:
It is competent in a court of law to impeach a deed on the ground stated. Porter v. Buckingham, 2 Harr. 197. Under the will of Edward Short, and according to the construction given to it by this Court, in the case of Connoway v. Piper, 3 Harr. 482, John Short and Isaac Short took but a life estate in the lands devised to them in the third item of it, and the petition in chancery for the partition of it between the heirs of John Short and H. Piper as the alienee of Isaac Short, did not allege any larger estate in them. It was therefore not within the power or jurisdiction of that or any other tribunal, by the ' commission or the decree affirming the partition, to confer upon the parties any other estate in the premises than that which they took under the devise in question. 5 Law Libr. 60; Greenl. Ev., secs. 22, 23.
E. D. Cullen, on the same side:
A party was not estopped from averring anything consistent with the record. 1 Saund. Pl. & Ev. 62. The will was a part of the record, and by it it appeared that the parties in partition had hut a life estate. Again, a party was not estopped by a record coram nonjudice, and the Chancellor exceeded his jurisdic *339 tian in decreeing a fee, and the parties were not estopped from denying that they took a fee under the will. A remainderman is not bound by a partition between the tenants for life, and to which he was not a party. The allegation must be certain to every intent in particular, and if a thing be not particularly and certainly alleged, a party should not be estopped by it. Arch. Pl. 208. Where was it particularly and certainly alleged in the proceedings in chancery that the parties to the partition took a fee ? The plaintiffs therefore were not estopped from denying that Isaac Short took but a life estate under the will. 8 Mees. & Wels. 209; 5 Cow. 201; 7 Mass. 78; 19 Wend. 367; 17 Wend. 119; 4 Wend. 278. A deed may be impeached in a court of law on the ground of the imbecility of the grantor. 2 Law Libr. 163; 25 Idem, 15.

By the Court:

The plaintiffs in this suit may impeach the deed in question, notwithstanding it was executed, acknowledged, and recorded, if they can show to the satisfaction of the jury that the grantor had not sufficient intelligence and understanding to know what he was doing when he made it. The acknowledgment and recording establishes the factum of the deed, and dispenses with any proof as to its execution and delivery; but this does not exempt it from impeachment in a court of law, on the ground of fraud, or imposition, or that the grantor was non compos mentis and had not sufficient capacity to comprehend the nature and effect of it, or to make a valid deed at the time of executing and acknowledging it.
In regard to the other objection, made to the admissibility of the testimony, the principle of estoppel is, that what a party admits by deed or of record to be true, in reference to 'his own title, or that of another party, he cannot afterwards deny, to the prejudice of any party who would be injured by the denial of that admission. Edward Short was the owner of the four hundred and three acres in dispute, in fee, and devised the premises without limita- , tian to his sons John and Isaac Short. The latter con *340 veyed his undivided half to Hannah Piper in fee. John Short died, and his heirs-at-law, among whom were the lessors of the plaintiff, instituted proceedings in chancery for the partition of the land between them and Mrs. Piper, in which proceedings they admit the title of Edward Short and of Isaac Short, and also of the title of Mrs. Piper, through this deed of Isaac Short, and submit to a decree of the Chancellor, assigning the land in severalty, one-half to themselves as the heirs of John Short, and the other half to Hannah Piper in fee. Under these proceedings the parties went into possession of their respective portions, and the question now is, whether the lessors of the plaintiff are estopped to deny or controvert the title of Hannah Piper, under whom Prettyman, one of the defendants, claims the moiety assigned to her, then admitted by the proceeding itself, and established by the decree. The argument against the force, effect and validity of this estoppel is, that the present denial of the title is not inconsistent with the record, which shows the title by reference to the will of Edward Short; and that if the decree in partition went beyond a title for the life of Isaac Short, it was coram non judice, and binds no one. Authorities have been cited to show that in a partition between tenants for life, though extended to reversioners, such proceedings would not estop the reversioners from controverting it. This is. true. But the partition in this case was not between tenants for life; it was between the heirs of John Short (whose interest it then was to assert and maintain that John Short took an estate in fee in the one-half under the will, and Isaac Short, of course, a fee in the other half), and the same in Hannah Piper, assignee of the latter’s interest. The proceedings referred to the will of Edward Short, and this title was properly before the Chancellor and entered into his judgment. The matter was therefore adjudged by him; and, having been decided by a court of competent jurisdiction between the parties, it was final, unless appealed from and reversed, and it is the law as between them, when coming in question in another court. The opinion of this Court *341 upon the will in the case of Connoway v. Piper, 3 Harr. 482, has no effect to reverse this decision and decree of the Coui’t of Chancery, which entertained a different opinion on the construction of the will. By a provision of the statute in regard to the partition of estates, the decree of the Chancellor in such cases is binding and conclusive upon the parties, and all claiming under them, unless appealed from, which was not done in this case. And this, itself, would conclude the parties from now controverting the estate and title of Mrs. Piper, independent of any admission by way of estoppel in the record.
But as Leonard Short was no party to the proceeding in partition, and he was one of the residuary devisees in remainder of the estate in fee, after the determination of Isaac Short’s life estate, under the third item of the will, and is now deceased, leaving six children as his heirs-at-law, five of whom have, since the partition in chancery, conveyed their interest in the premises to the lessors of the plaintiff, of whom Aaron B. Marvell is one, claiming whatever share he may be entitled to under this deed, in his own right individually, and not in right of his wife, Julia Ann Short, one of the children and heirs-at-law of John Short, in which right and with whom he was joined as his wife, as a party in the proceeding for partition, he is not estopped by it, so far as this interest, subsequently acquired by him by purchase in his own right from the heirs of Leonard Short, is concerned, from denying or controverting the title of Mrs. Piper, under her deed from Isaac Short; and therefore it is competent for him to impeach the validity of that deed, by showing, if he can, the incapacity of the grantor at the time of executing and acknowledging it.
The plaintiffs’ counsel then proceeded with the examination of their witnesses on the latter point, by whom they proved much natural weakness and deficiency of intelligence and apprehension on the part of Isaac Short, the grantor.
*342 In their argument to the jury they contended, 1. That the lessors of, the plaintiff were not estopped to deny the title under which the defendants claimed, by the. partition in chancery, so far as their title depended on the conveyance from the heirs of Leonard Short, which was one-fourth of the whole tract, and as he left six heirs, five of whom they had bought out, that share in their hands amounted to five-sixths of the one-fourth of the four hundred and three acres. 2. That Julia A., the wife of Aaron B. Marvell, one of the lessors of the plaintiff, being one of the heirs of John Short, though a party with her husband to the petitian and the proceedings in the partition, was not estopped by them, because no admission of a married woman even by record could have that effect. Arch. Civil Pl. 111; 1 Greenl. Ev., sec. 24. 3. That the consideration named in the deed from Isaac Short to Hannah Piper was not a good and valid consideration to support it in law, it being in consideration of an engagement to maintain him for life, which was an exécutory agreement on her part, which she did not even sign, and which she might never perform; such an agreement was not a good consideration for a deed.
For the defendants it was replied, that the lessors of the plaintiff were estopped, not only as the heirs of John Short, but also as the alienees of the five out of the six heirs of Leonard Short, except as to the interest of Aaron B. Marvell, which he held under their conveyance by subsequent purchase in his own right, and not in right of his wife; But both he and his wife were estopped as to her right, by the decree of the Chancellor, as they were both parties to the partition, and in such a proceeding a married woman was hound and concluded by it, as much so as her husband ; and that the consideration set forth in the deed from Isaac Short to Mrs. Piper had been performed, for she had comfortably maintained him until his death, and was a good and sufficient consideration for it.

The Court,

Harrington, Ch. J.,

charged the jury: This is an action of ejectment to recover a portion of 403 acres of *343 land, situated in Hogsborough Hundred in this county, devised by Edward Short, without words of limitation as to the title, to his sons John and Isaac Short, with a residuary devise over to Isaac, Leonard, John, and Haney Short, his children, in fee. Isaac Short, by deed dated February 12, 1835, conveyed his undivided share of the land to Hannah Piper, her heirs and assigns, under whom the defendants claim title. In September, 1835, John Short, then being dead, his heirs-at-law, now represented in this suit by the lessors of the plaintiff, and who hold all his interest in the premises, went into the Court of Chancery and made partition of the land devised between themselves and Hannah Piper, admitting in their proceeding, and it was so decreed by the Chancellor, that the parties named held the land in fee, under the devise to John and Isaac Short.
The present plaintiffs, who were parties to that proceeding, now contend that the title of Isaac and John Short, under this will, was only a life estate; and though they took it in severalty under the decree of the Chancellor, and submitted to that decree, giving to Hannah Piper, -as the assignee of Isaac Short, the other half of it in fee, they now insist that it was but a life estate, and went, on the death of John Short, not to his heirs, and on the death of Isaac Short, not to his assignee, but to the residuary devisees of Edward Short; viz., to Isaac and Leonard and John and Haney Short, and their heirs.
The first question then is, whether the parties to this action, who were parties to the petition in chancery, can now deny the title of Hannah Piper, as it was decided in that case, to be á fee simple ?
Secondly, whether the plaintiffs, who represent a person who was not a party to that proceeding, can controvert that decision ?
Thirdly, whether the plaintiffs, who were parties to that proceeding, but now represent a portion of the share of a person who was not a party to that proceeding, can controvert the decision ?
The decree of the Court of Chancery in this partition *344 being on the title, includes all parties to it and their privies, and estops all parties from denying its correctness or force in respect to any interests which they then had the opportunity of defending. Their admissions must be taken to be true. They cannot be true as to a right which they then had, and untrue as to rights subsequently acquired under the same title. The admission does not apply to the quantity of the estate, but to the quality of the title; and as to any party then before the Court, it must be taken to be true, that the estate of Isaac Short and of Hannah Piper his assignee is a fee simple estate; and no one can controvert this, except a person who was not a party to that suit and that decree.
This applies to all the children of Edward Short, except Leonard and Haney, and to such as were/ernes covert as well as others, if parties; for the decree of a Court of Chancery in partition operates on the interests of married women and infants as well as others.
Haney Short is not a party to this suit; and the only question then is, who of the representatives of Leonard Short in this suit are now at liberty to claim, against this decree, that his father, John Short, had but a life estate in this land, and Hannah Piper only an estate for the life of Isaac Short ?
Leonard Short left six children, five of whom conveyed their interests to the plaintiffs, Manaen Short, Hiram S. Short, and Aaron B. Marvell. Leonard Short was not represented in the chancery suit, but the persons to whom five of his heirs conveyed their title were all in that suit and are all concluded by the decree, except Aaron B. Marvell. He, therefore, is the only person entitled to recover anything in this suit, and he can recover only the interest he took under this deed as a portion of Leonard Short’s share; for though he had another interest as the husband of Julia Ann Short, her interest was included in the partition decree.
The question, therefore, of the validity of Isaac Short’s deed to Hannah Piper and of the capacity of the grantor, *345 is immaterial in this case, except as to the residuary interest of Isaac Short, inherited from him by Leonard, and conveyed to Aaron B. Marvell. The decree of the Chancellor established by its own force, as well as on the principle of estoppel, arising from the admission of the parties, that the title of Hannali Piper, however acquired, was a fee simple. That decree is still in force. It cannot be controverted in this suit, nor can its truth be denied by any person, or the representative of any person, who was a party to it, and whom it bound. It is made by our own code, as to all such, to be conclusive. And any other rule would result in" endless confusion. When a title is once adjudged, the decision must be respected, and is binding on the same parties, whenever coming in question in any other court. There is but one mode of avoiding it, and that is by appeal.
The controverting this deed denies the title of Hannah Piper, as settled by the chancery decree. The assertion of a right in plaintiffs to her half of this land, whether as the heirs of John Short, or as the heirs of Leonard Short, or of Isaac Short, under the residuary devise of Edward Short’s will, is alike prohibited by this decree. It denies the title established by it, and sets up a claim under a residuary devise, which, according to that decree, gave nothing to these devisees, because the first devise to John and Isaac was a fee simple estate.
This is the rule as to all parties who are bound by the • partition decree. As to others, the deed is of no further consequence than as to the residuary right of Isaac Short. The title as to them, of whom Leonard -Short is the only one whose rights are now involved in this proceeding, and only Aaron B. Marvell’s share of them, according to our opinion, is such as it was adjudged to be in the case of Conoway and Wife v. Piper, 3 Harr. Rep. 482.
According to this, the plaintiff, Aaron B. Marvell, is entitled to recover his share of the share of Leonard Short in the lands held by defendant.
*346 Under the will of Edward Short, as construed by us, the title to all this land, on the death of John and Isaac Short, was in Isaac’s heirs, Leonard’s heirs, and John’s heirs, and Haney Short.
Leonard Short was entitled to one-fourth; and if the deed of Isaac Short to Hannah' Piper is not good, he was entitled to one-third of one-fourth, as the heir-at-law of Isaac; but not otherwise; for if that deed is good, it con-x veyed Isaac’s right to Mrs. Piper.
As we have before said, Leonard Short left six children, five of whom conveyed to these plaintiffs; one of whom, Aaron B. Marvell, is entitled to enforce his claim, notwithstanding the chancery decree, and against it. He is therefore entitled to recover one-third of five-sixths of one-fourth of all the land in defendants’ possession, which was devised by Edward Short, under the residuary clause of his will, to Leonard Short; and also, if the deed of Isaac Short is set aside, one-third of five-sixths of one-third of .another fourth, as the heir-at-law of Isaac Short, under the residuary devise. But if the deed of Isaac Short to Mrs. Piper is considered by the jury to be a valid deed-, the title of Isaac Short, as residuary devisee, belongs under that deed to Hannah Piper, and Mr. Marvell can recover only one-third of five-sixths of one-fourth of the half of 403 acres. As to the alleged want of capacity of Isaac Short to make a valid deed, if he had, at the time of making his deed to Mrs. Piper, sufficient intelligence, apprehension, and understanding, to comprehend the general nature, effect, and object of the instrument, and knew-that it was a deed for his interest in the land, and that if he signed and executed it, it would then become the property of Mrs. Piper; for the consideration and purposes stated in it, then it was his deed, and a good and valid conveyance of the land to her, so far as this objection applies. The consideration was to be paid in the support and maintenance of him for life, by Mrs. Piper,—a very unusual consideration for a deed, we must admit, but not an unreasonable, or an uncharitable one perhaps, under the circumstances. Lands are often *347 bought on credit, though not so expressed in the deed for them, and the actual consideration is afterwards paid like any other debt, and in any mode of dealing the parties may adopt between them. As it is expressed, however, in this case, in the deed itself, and was a conditional consideration, we do not see why it should be avoided, if the consideration was performed; and if the jury are satisfied that it was, we think the validity and operation of it as a deed cannot be impeached on the ground merely that such was the nature of the consideration, though expressed in the deed itself. And if this be so, it was no objection to the validity of it that it was not signed by Mrs. Piper also. This would be a very unusual thing in a deed of bargain and sale,' nor would her signature to it be necessary to make the engagement an express covenant on her part, as she accepted the conveyance and the estate which it conferred on that condition and for that consideration merely.
C. M. and E. D. Cullen, and C. S. Layton, for plaintiffs.
W. Saulsbury, for defendants.