In the view I have taken of this case, it may be admitted that the executors of Maria H. Williamson took, under her will, an estate pour autre vie, by implication, for the purpose of leasing the premises, to raise the annuities payable to Margaret Blakeley and others. Conceding this to be so, there is no doubt whatever but that William Calder and the fourteen other persons named in the eighth division of the will, became seized of vested remainders in fee, at the death of the testatrix. All these persons, so far as they have survived, and all others holding derivative titles under them, were made parties to the partition suit. The surviving executor and trustee, who was seized of the intervening freehold, if one ever existed in the executors, and the surviving cestui que trust of that estate, were also parties. The rights of all these parties were definitively adjudged by the decree in partition, unless that decree is impeachable for want of jurisdiction in the court that pronounced it; and this question of jurisdiction is the only one in the case. The first section of the title of the Revised Statutes concerning the partition of lands, authorizes the proceeding therein provided, in the cases where several persons shall hold and be in the possession of any lands, c., as joint tenants or tenants in common; and it empowers one or more of such persons, being of full age, to institute the proceeding by applying to the court on petition. (2 R.S., 317.) If this language is to be understood in its popular sense, the proceeding was unwarranted; but on the supposition that there was, when the partition suit was commenced, a precedent estate for life existing in the surviving executors, none of the devisees in remainder can be said to have been in possession. There is, however, a sense in which a party entitled to a vested remainder may be considered to be in possession of that estate. He may, with perfect legal propriety, be said to be seized in law of the estate; and the term seizin, by the common law, imports the having possession of an estate of inheritance in the lands *Page 624 
or tenements. In Vanderheyden v. Crandall (2 Denio, 9), a construction was given to the provisions of the statute abolishing entails, which declared "that in all cases where any person or persons now is or are, or (if a certain act had not been passed) would now be seized in fee tail of any lands, c., such person or persons shall be deemed to be seized of the same in fee simple." A person under whom the parties claimed was entitled to a vested remainder in tail, expectant upon a life estate, at the time of the passage of the act, and the question was whether he could be said to be at that time seized of the lands in fee tail, his interest as regarded corpo real possession being wholly future and expectant; and it was held that he was so seized within the meaning of the statute I should not, however, be willing to act upon the interpretation which I have thus suggested, if there was nothing in the statute showing more conclusively that the legislature intended that future vested estates might be partitioned But upon looking through the act, it seems to me impossible to doubt that it did so intend. Section sixteen shows clearly that future estates, whether vested or contingent, may be taken into consideration, and the rights of persons entitled to such estates may be adjudged, but it cannot be certainly deduced from this that it could be done unless the present estate was held by joint tenants or tenants in common. But by section thirty it is provided that whenever the estate of any tenant in dower, or by the curtesy, or for life, in the whole or any part or share of the premises in question, has been admitted by the parties or ascertained by the court to be existing at the time of the order for sale in a case in partition, and the person entitled to such estate has been made a party to the proceedings, the court shall first proceed and determine, under all the circumstances of the case, whether such estate ought to be exempted from such sale or whether the same should be sold, and in making such determination they shall have regard to the interests of all the parties. From this it is clear that the existence *Page 625 
of a life estate in the whole premises held in severalty is not an impediment to a sale of the premises for the purposes of a division among parties entitled, as tenants in common, to future estates in the same land. And by section sixty-six, the portion of the proceeds of the sale belonging to the tenants for life is to be invested for their benefit. The purpose of sections thirty-five and thirty-six is to state what parties are to be concluded by a judgment in partition and what parties are not to be affected by it; and, among others, the parties named in the proceedings "as entitled to the reversion, remainder or inheritance of the premises after the termination of any particular estate therein," are to be concluded (§ 35); but the judgment is to have no effect upon (among others) tenants for life of the whole premises. (§ 36.) These provisions contemplate the existence of cases where there is a tenancy for life of the whole premises, with a remainder or reversion held in joint tenancy, or a tenancy in common. They contemplate that partition may be made, in such cases, to have full effect upon the owners in remainder and reversion, but no effect upon the estate in life. But it is impossible to suppose such a case unless it be admitted that a reversioner or remainderman may institute the proceedings. An amendment of the statute, passed in 1847, is equally explicit. The provision of section fifty, just cited, is limited to cases where there shall be a sale. But the case of actual partition, where there was an intervening tenancy for life, also held in shares, had been omitted, and was now to be provided for. It was accordingly enacted "that whenever the estate of any tenant in dower, or by the curtesy, or for life,
to the whole or any part or share of the premises in question, has been admitted by the parties or ascertained by the court to be existing at the time that judgment shall be given that partition be made, and the person entitled to such estate has been made a party to the proceedings, it shall be lawful for the commissioners to allot to such tenant his share thereof without reference to the *Page 626 
duration of such estate; and also to make partition of such share and allot the same to the parties respectively who shall be entitled to the remainder thereof according to their respective rights therein, whenever in the opinion of the commissioners it can be done without prejudice to the rights of the parties." (Laws of 1847, ch. 430, § 5.) The effect of these provisions, taken together, is, that where there is a tenant for life of the entirety, and the remainder is held in tenancy in common by several, these tenants in common of the remainder, or any of them, may institute proceedings under this statute; if the estate for life continues till the judgment, partition is nevertheless to be made by leaving to the tenant for life his estate in the premises untouched, and dividing the land among those entitled in remainder. If the life estate is also owned by joint tenants or tenants in common, but in different shares from those into which the remainder is to be divided, then there is to be a double partition, first among the tenants for life and then among the owners of the remainder. But if the premises are so situated that they cannot be partitioned among the remaindermen, so that a sale must take place, the court, according to the provisions of section fifty, must consider and determine whether, under all the circumstances of the case, the life estate shall be excluded from the sale and the remainder alone be sold, or whether the whole life estate and remainder shall be sold; and in determining this question the court is admonished to have regard to the interest of all the parties; and it is moreover provided in effect that the estate for life is not to be interfered with unless the tenant or tenants for life are made parties to the proceeding. This seems to me to be the plain meaning of the statute, and it follows that a tenant in common of a remainder may institute the proceeding; for in case of a sole tenant for life of the entirety. he, having no co-tenants, could not bring a suit in partition. A tenant in common of the remainder may, as I have said, do it, and by making the tenant for life a party, the life *Page 627 
estate may be sold if the interests of the parties require it, or it may be excepted from the sale if that is thought most judicious. If this is not so I am unable to attach any useful meaning to the provisions which have been cited. It may be said that a tenant for life of the entirety, having no occasion for a partition himself, ought not to be compelled for any reason or under any circumstances to have his land turned into money for the convenience of others who own future estates in the same land. It is however an incident of the qualified nature of his ownership, and it is no more subversive of principle than the course, expressly authorized and universally acted upon, of compelling a sale of an undivided part of an estate when in the opinion of the court partition cannot be made without great prejudice to the owners. (§ 37.) This does not require the consent of the owners, but only that they shall be parties to the proceeding and be allowed to litigate the question as to the practicability of partitioning the estate. This is a qualification of the absolutum et directum dominium, which the owners of allodial lands are said to have, which the law for purposes deemed wise has engrafted upon estates held jointly or in common. The same qualification may for similar reasons be attached to land owned by several persons, where the division of their interests relates to the period of enjoyment, as where several have successive estates in the same land. I see nothing therefore in the dispositions which the legislature has made, inconsistent with fundamental principles concerning the right of private property.
It was argued that the question under examination had been settled the other way by adjudged cases. Clapp v. Bromagham
(9 Cow., 530) was decided under the former statute, which did not contain the particular provisions which I have cited from the present act. To the petition in partition, the defendant pleaded that he was sole seized of the premises, and it was held that the defendant was entitled to prevail on account of an adverse possession of the *Page 628 
entirety for twenty years. Brownell v. Brownell (19 Wend.,
367) was decided in 1838, and of course before the amendment of 1847. On the trial of the issue of non tenent insimul, it appeared that the plaintiff was only seized, if seized at all, which was doubtful, in remainder, expectant upon the termination of a life estate. Sections thirty-five, thirty-six, fifty and sixty-six were overlooked or not mentioned in the opinion of the court, and it was held that the plaintiff could not prevail because she was not entitled to the immediate possession; the court relying upon the first section of the statute. The present question was not much considered, the principal point being, as the reporter expressly states, upon the construction of a will. The provision of 1847 not having then been enacted, the point was less clear than it now is; but as the then existing statute contained the other provisions I have considered so material, I cannot say that I think the case was correctly decided.Hunnewell v. Taylor (6 Cush., 473) was a petition for partition under a Massachusetts statute, which declares expressly that such petition cannot be maintained by one who has only a remainder or reversion. In Brewster v. Striker (2 Comst.,
19) the partition to which effect was refused was made in a proceeding to which the tenants of the estate for life were not parties; and, besides, it was under the former statute. InO'Dougherty v. Aldrich (5 Denio, 385) the plaintiff's title, if any, arose only upon proof that the defendant had failed to perform a condition subsequent, and it was held that such a question could not be tried in an action for partition.Burhans v. Burhans (2 Barb. Ch. R., 398) was the case of an adverse possession on the part of the defendants. It will be thus seen that none of the cases relied on, except Brownell v.Brownell, refer to the present question, and I have mentioned the reasons which have convinced me that that adjudication should not be followed.
It is further objected that it does not appear to have been ascertained and adjudged that a sale was necessary. *Page 629 
There being infant defendants, and those of full age having made default, there was a reference to Mr. Sackett as referee. His report is not among the printed papers, but was read on the argument by consent, and supplies the evidence supposed to be wanting. It is then adjudged that the premises should be sold. It sufficiently appears from this that the necessary proof was made. It is the more probable when we see that the share of some of the parties was so small as the one hundred and eighteenth part of the premises, and that the four lots which were partitioned contained only about one hundred feet in front, on the streets on which they were situated.
On the whole case I am of opinion that Mr. Aldrich, the purchaser, has no reason to complain of the title, and that he should be adjudged to complete his purchase.
The order appealed from should therefore be affirmed.
COMSTOCK, SELDEN and PAIGE, Js., concurred in the opinion of DENIO, Ch. J., but a majority of the court not being prepared to adopt the same, the decision was put upon the ground stated by BOWEN, J., in which all concurred.
Judgment affirmed.
 *Page 9