## SUPREME COURT.

Louis F. Therasson and Charlotte W., his wife, agt. Loomis L. White and others.

*Partition of lands — adverse possession — jury trial.*

In order to enable a party to maintain an action for the partition of lands, he must not only have an estate in the premises, as a joint tenant, or tenant in common, but he must be in the actual or constructive possession of his individual share or interest.

Where the premises are held adversely, the party out of possession cannot try the question of title in this form of action. It is a question for the determination of a jury.

*Special Term, February,* 1876.

*Wm. A. Beach & Aaron J. Vanderpoel,* for plaintiffs.

*Wheeler H. Peckham,* for the executors of Francis W. Worth.

*Dunning & Edsall,* for the tenants.

*Silas B. Brownell,* for Anna Worth.

Van Vorst, J. — This is an action for the partition of lands. The plaintiff Louis F. Therasson, in his complaint, alleges that he, together with Francis W. Worth, now deceased, were, at the time of the commencement of this action, and until the death of Worth, on or about the 17th day of September, 1873, seized in fee, and held and were in possession of, as tenants in common, the parcel of land sought to be partitioned.

That subsequent to the death of Worth, the plaintiff Louis F. Therasson, and the defendants White and Jarvis, as executors and trustees under the last will and testament of Worth, were seized in fee and held, and are in possession, as tenants in common, of the lands in question. That the plaintiff Louis F. Therasson has an estate of inheritance therein, consisting of one undivided half-part thereof as tenant in common with the said executors and trustees, who are alleged to have a similar estate in the same. That the defendant Anna Worth, the widow of Francis W. Worth, has a right of dower in respect of the undivided share or interest in said premises which belonged to her husband. The answer of the executors and trustees White and Jarvis puts in issue the allegations of the complaint, setting up the seizin and holding, and the possession of the plaintiff, Louis F. Therasson, as tenant in common with Francis W. Worth, in his lifetime, or with them as executors and trustees, since the death of Worth. It also puts in issue the allegations of the complaint, that the plaintiff has an estate of inheritance therein as tenant in common with them as executors and trustees.

The answer sets up, for a second defense, that the cause of action stated in the complaint did not accrue to the plaintiff within ten years from the commencement of this action.

For a third defense the answer of the executors and trustees sets up that the premises described in the complaint have been, for more than twenty years, and before the commencement of this action, held and possessed adversely to any title or claim of the plaintiff, and that there has been an actual, continued occupation of the premises under a claim of title, for more than twenty years before the commencement of this action, adverse to any claim or title of the plaintiffs or of those under whom they claim.

The answer of the defendant Anna Worth also denies the seizin and possession of the plaintiff, as alleged in the complaint. It alleges .that, at the time of the execution and delivery of the deed of conveyance to the plaintiff Louis F.

Therasson, under which he claims title, the lands described in the complaint were in the possession of one James Rowe, claiming under a title adverse to that of the grantor in the deed to Louis F. Therrasson. The answer also interposes the defenses of the statute of limitations, and of an adverse possession and holding, as pleaded by the executors of Worth.

It thus appears that the answers of the defendants put in issue, distinctly and clearly, the question as to whether the plaintiff Louis F. Therasson has such title and possession of the premises as will uphold his action for partition. The statutes provide that when several persons shall hold and be in possession of any lands, tenements or hereditaments as joint tenants, or as tenants in common, in which one or more of them shall have estates of inheritance or for life, or for years, any one or more of such persons, being of full age, may apply for a division and partition of such premises (2 *R. S., p.* 317, § 1). Under this provision it has been held that the party instituting the proceedings must have an estate entitling him to immediate possession (*Brownell* agt. *Brownell*, 19 *Wend.*, 367).

It is true it was said in that case that possession would follow the legal title, no adverse possession having been shown. The provisions of the statute, it was stated, do not require a "*pedis possessio*" to entitle a party to institute proceedings in partition. It has also been decided that the party asking a partition of lands must not only have a present estate in the premises as a joint tenant or tenant in common, but that he must be in the actual or constructive possession of his individual share or interest (*Burhams* agt. *Burhams*, 2 *Barb. Ch.*, 398). In that case the chancellor also held, that it was the intention of the revisers to exclude a party from instituting a partition suit for the division of premises held adversely to him until after he had obtained possession of his share of the premises or of some part thereof, by ejectment or otherwise. The chancellor also held that, "if the com-

Therasson agt. White.

plainant had been ousted of his possession, or if the premises were held adversely, the defendant should set up the defense by plea or answer." The chancellor also stated, "that in such case the proper course for the court is to dismiss the plaintiff's bill as prematurely filed, but without prejudice to the complainant's right to institute a new suit for the partition of the premises after he should have obtained possession of his undivided share or interest."

But it appears that the fact of adverse possession in that case was stated in the bill itself. In *O' Dougherty* agt. *Aldrich* (5 *Denio,* 388), it was decided that the plaintiff, to make out his case, *must show* that he was either in actual or constructive possession. This case also substantially holds that a question of title could not be tried in a suit for partition; that the plaintiff, in case of contention on that subject, must first establish his title by ejectment (*Jenkins* agt. *Van Schaick,* 3 *Paige,* 242; *Clapp* agt. *Bromagham,* 9 *Cowen,* 530). The case of *Blakely* agt. *Calden* (15 *N. Y.,* 617), is, in some respects, in conflict with *Brownell* agt. *Brownell,* and other cases above cited, and holds that, although the plaintiff, in a partition suit, must be in the possession of the premises, yet it is not necessary that he should be the actual occupant or should hold an immediate present interest, and that an existing life estate, although covering the whole premises, will not prevent the remainderman from being deemed in possession within the meaning of the statute. Yet that case does not decide that when an adverse possession is set up it may be tried in the partition suit (*Houell* agt. *Mills,* 56 *N. Y.,* 226, *affirms* *Blakely* agt. *Calden*). Although where the title is not in dispute partition is a matter of right, still it has been decided that a court of equity will not entertain a bill for partition when the legal title is disputed or doubtful. A court of law is the proper tribunal to determine that question (*Hosford* agt. *Mervin,* 5 *Barb. Sup. Ct. Rep.,* 52).

In *Clapp* agt. *Bromagham* (*supra*), it was said: "Whether there be an adverse possession, is a *question of fact for the*

*jury,*" and that a judgment in partition does not change the possession but "in ejectment or writ of right it would be conclusive between the parties." *Wilkin* agt. *Wilkin* (1 *Johns. Ch.*), holds that "the court will not sustain a bill for a partition, where the title is *denied,* or is not clearly established." *Phelps* agt. *Green* (3 *Johns. Ch.*, 303), holds that "where the title is suspicious or litigated it must first be established at law before this court will interfere."

These cases were nearly all under the former system of judicial procedure, and it is claimed by the learned counsel for the plaintiffs, that under the present powers and jurisdiction of this court, where legal and equitable administration are both exercised, the objection above suggested is unavailing, and that a question of title may be examined and determined in an action of partition. But yet *Florence* agt. *Hopkins* (46 *N. Y.*, 182), holds that where the premises are held adversely the party out of possession cannot try the question of his title in this form of action : "The action is not for the recovery of the premises held adversely."

And to the same effect is the late case of *Schuyler* agt. *Mulford* (59 *N. Y.*, 430). ALLEN, J., says : "The form of action (partition) is at least a doubtful proceeding for the trial of adverse or hostile claims to real property. The title of the parties should be first established by the proper action, before proceedings taken for partition. There should be a tenancy in common, and an actual or constructive possession by the plaintiffs."

In *O'Dougherty* agt. *Aldrich* (*supra*), it was held, as before observed, that the *plaintiff must show* that he was actually or constructively in possession. This puts the burden on him.

The plaintiffs' title under the cases must be clear, unlitigated, without suspicion and freed from doubt. His possession must be actual or constructive, clearly and indisputably so.

The plaintiffs' title and possession are controverted com-

Therasson agt. White.

pletely by the answers of the defendants, and is a subject of serious doubt at least under the evidence as a question of fact. I cannot think that such question of fact should be tried by the court without a jury, nor that I should pronounce upon the evidence whether an adverse possession be established completely. A good and sufficient reason why a claim of title cannot be tried in this action, but should abide the judgment of an action in ejectment, is found in the fact that a defendant in ejectment is entitled to a trial by jury, and the unsuccessful party in ejectment is entitled of right to a new trial, at any time within three years after the judgment against him, upon payment of costs and damages (2 *R. S.*, *page* 309 [318], *sec.* 37). And the court, within two years after a judgment on a second trial, on application and cause shown, may vacate judgment and grant a third trial (3 *Wait's Pr.*, 417; 5 *id.*, 16). If this action be maintained and a judgment of partition be ordered, it could only be on the ground that the title and possession of the plaintiffs are so clearly established that there is no evidence of ouster or adverse possession. That, I am not prepared to hold. A full consideration of the evidence shows that the plaintiffs' title and possession are subjects of earnest and substantial contention.

It is claimed by the defendant's counsel that the evidence establishes that Rowe, the defendant's grantor, in his lifetime, claimed and was in the actual possession of the entire premises. That he asserted acts of ownership to the entire exclusion of the plaintiffs' grantor. That he leased the premises for long terms to various tenants, through a series of years, in his own name, and received the rents to his own individual use, exclusive of any claim in others, and that without dispute or question. That he individually bore and sustained all the burdens of taxation and assessments for local improvements upon the lands for a period of over twenty years. That his possession, claims and acts were wholly inconsistent with any right or claim in others and amounted to a complete ouster. That the evidence shows that the pos-

Therasson agt. White.

session of Rowe and his successors in interest were in fact adverse.

That raises questions of fact for a jury. In this view of the case I do not think that the action for partition can be now maintained.

I will let the action stand over for a time to enable the plaintiff to bring an action or actions of ejectment for the premises in question. And in case such action or actions be brought within two months, this suit is to remain in *statu quo* until the decision of such ejectment. If no such action be brought within two months, the complaint to be dismissed with costs.

NOTE.— The decision was subsequently modified, and upon the defendant's application, the plaintiff consenting, an order was made for the framing of issues, by which the question of adverse possession was directed to be tried in the action, before a jury.