[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 619 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 620 
Heman Aldrich, the purchaser of part of the premises sold under the judgment in this action, refuses to complete his purchase on the ground that he will acquire no title. Every person who had any title to or interest in the premises was made a party to the action; and as the judgment ordered and directed the sale, the purchaser will acquire a perfect title, provided the court had jurisdiction to pronounce the judgment.
It is claimed by the counsel for the purchaser that under the will of Mrs. Williamson her executors took, by implication, the legal title to the premises during the lives of four of the annuitants named in the will, one of whom yet survives, the plaintiff, in common with several of the defendants, having only an estate in remainder after the death of such surviving annuitant; and as she had not the right of immediate possession, it is insisted that the court had no jurisdiction to award either a partition or a sale. *Page 621 
Upon the authority of Brewster v. Striker (2 Comst., 19). I think it must be held that the plaintiff had only an estate in remainder in the premises, but it by no means follows that the purchaser under the judgment will acquire no title Conceding that, by reason of the fact that the plaintiff was neither in possession nor entitled to the immediate possession of the premises, the Supreme Court erred in awarding a sale (concerning which I express no opinion), yet, the judgment is binding upon the parties if the court had jurisdiction of them and of the subject matter of the action.
That jurisdiction of the parties was acquired is not questioned. The sale was under a judgment in an action commenced and prosecuted in the usual manner, and, as before remarked, every one having any interest in the land was made a party. InGallatian v. Cunningham (8 Cow., 361), the Court of Errors affirmed a decree of the chancellor, in effect setting aside or declaring void a sale of land under a judgment of the Supreme Court, in proceedings for partition. Two opinions only were given, one by Mr. Justice WOODWORTH, and the other by Senator COLDEN. WOODWORTH, Justice, held the sale void on three grounds: First. That all the petitioners were infants; Second. That there was no evidence before the Supreme Court tending to show that the premises could not be partitioned; the statute regarding proceedings for the partition in the Supreme Court by petition then in force requiring, in addition to the report of the commissioners to that effect, that it should appear by satisfactory proof to the court that partition could not be made,c.; and Third. That the guardian ad litem of the infant owners was the purchaser. COLDEN, Senator, held the sale void, solely on the last ground. All the other members of the court concurred in affirming the decree, but declined specifying the grounds of their concurrence. It cannot be claimed that the above case is an authority for holding that the judgment in the case at bar is void, as, for aught that appears, a majority of the members of that court *Page 622 
voted for an affirmance of the decree, on the ground that the guardian was the purchaser; thus leaving the judgment ordering the sale in full force, as, in such case, the sale was declared void on account of the incapacity of the purchaser. And again, the judgment was not in an action properly so called, but in proceedings commenced by petition, and conducted under and pursuant to a statute.
In Brownell v. Brownell (19 Wend., 397); Clapp v.Bromagham (9 Cow., 530); O'Dougherty v. Aldrich (5Denio, 385), Wood v. Clute (1 Sandf. Ch. R., 199);Postley v. Kain (4 id., 508) and Fleet v. Dorland (11Howard's P.R., 489), the questions arose and were decided during the pendency of the actions or proceedings, and consequently can have no application to the question of the binding force and effect of the judgment in this case.
The judgment in this action and the sale under it cannot injuriously affect any one but the parties, and they do not complain; on the contrary, they ask to have the sale perfected. No one except the parties has the right to complain; and the parties, by not interposing any objection, either by answer or by demurrer, have, in effect, consented that the court might entertain jurisdiction of the action, and so long as the judgment is unreversed, they are bound by it and by the proceedings under it.
The Supreme Court is one of general jurisdiction in law and equity, and has jurisdiction of all actions for partition. When this case was presented, it was its province to decide whether it was a proper one in which to award a partition or a sale, and if its decision was erroneous, the remedy was by appeal.
As no one but the parties to the action can call in question the purchaser's title, and as they are bound by the judgment, there is no reason why the sale should not be consummated.
The order appealed from should be affirmed. *Page 623