POPE and others *vs.* DINSMORE and others.

Where defendants decline to appear upon the trial, and then appeal to the general term, from the judgment rendered against them, without a case or exceptions, the appeal will be dismissed.

Although an objection that the complaint does not state facts sufficient to constitute a cause of action need not necessarily be raised by demurrer, yet the question should, in some form, be raised and passed upon at special term or circuit, before the defendant should be allowed to appeal.

If a defendant, by any accident or misfortune, has been prevented from appearing at the trial, he should move to have his default opened; or perhaps he might succeed in a motion to set aside the judgment, on the ground that the record does not show a valid recovery. *Per* PRATT, J.

THIS was a motion, on the part of the plaintiffs, to dismiss an appeal brought by the defendants from a judgment entered against them by default.

*By the Court*, PRATT, J. The defendants in this case declined to appear upon the trial, and have appealed to the general term from the judgment, without a case or exceptions, and a motion now is made, on the part of the plaintiffs, to dismiss the appeal. I am of opinion that the appeal should be dismissed.

It is claimed, on the part of the defendants, that an objection to the sufficiency of the complaint may be taken for the

first time upon appeal. If that be so, the appeal cannot be dismissed, but if the complaint be sufficient, the judgment should be affirmed. It is true that when the complaint does not state facts sufficient to constitute a cause of action, the objection need not necessarily be made by demurrer. But the question, in my opinion, should in some form be raised and passed upon at special term or circuit, before the party objecting should be allowed to appeal.

Under the code, the appeal to the general term seems to be provided for the review of actual determinations of the court at circuit and special term. By section 268 of the code it is provided, in trials by the court without a jury, that "for the purposes of an appeal, either party may except to a decision on a matter of law arising upon the trial, within ten days after notice in writing of the judgment." It is then, in the same section, provided, when questions of fact or of law upon the evidence are desired to be reviewed by either party, that a case may be made, and the section then contains this restriction: that the questions, whether of fact or of law, shall only be reviewed in the manner prescribed by that section. Now, it was clearly competent for the defendants to take, upon the trial, an objection to the sufficiency of the complaint, and an exception to the ruling of the judge, if adverse to them. But to allow them to reserve an objection of this character, to be made for the first time upon appeal, would be liable, I think, to great abuse, and contravene the manifest intention of the code.

If the defendants, by any accident or misfortune, have been prevented from appearing at the trial, they should move to have their default opened, or perhaps they might succeed in a motion to set aside the judgment, on the ground that the record does not show a valid recovery. But they should, I think, be required to bring the question, in some form, before the court at special term, in order to entitle them to appeal to the general term, from the judgment.

And this question has been substantially passed upon by the

Matter of the Reciprocity Bank.

court of appeals in *Hunt* v. *Bloomer* (3 *Kern.* 341) and *Johnson* v. *Whitlock* (*Id.* 344.) Those were cases of motions to dismiss appeals from judgments at general term, on the ground that no exceptions had been taken at the trial, and no case had been made or settled, and the motions were granted by the court. Now, if a party has the right to appeal upon the record alone, where no exception has been taken, and may, upon such appeal, take an objection to the sufficiency of the complaint, it was clearly improper in those cases to dismiss the appeals. The court should have examined the record, and if there was no defect found in the pleadings, have affirmed the judgment. These cases, therefore, may be deemed to overrule the cases in this court, cited upon the argument on behalf of the appellants.

Appeal dismissed, with costs.

[New York General Term, May 2, 1859. *Roosevelt*, *Pratt* and *Ingraham*, Justices.]

---

In the matter of the Reciprocity Bank.

The provisions of the act of April 5, 1849, " to enforce the responsibility of stockholders in certain banking corporations and associations," &c., and those of the constitution, in aid of which that act was passed, apply to banks existing anterior to the constitution and the statute, and render the stockholders in such banks individually liable for the debts of the banks.

The provisions of the constitution and of the act of 1849 are not void, when applied to pre-existing banks, as being in conflict with the tenth section of the first article of the constitution of the United States, which declares that no state shall pass any law impairing the obligation of contracts ; where the charter reserves to the legislature the right to alter, modify or repeal the same, at any time.

Where the power to alter a charter is reserved, in express terms, in the act by which it is granted, and such power is subsequently exercised, by an authority adequate for that purpose, and in accordance with the forms prescribed by the constitution in force when the alteration is made, the law is not obnoxious to the objection that it violates the contract with the corporation contained in its charter.

An act of the legislature, altering the charter of a bank incorporated previous