JOHN G. HOWELL, Respondent, v. EDWIN MILLS and WILLIAM MILLS, Appellants.

(GENERAL TERM, SECOND DEPARTMENT, 1872.)

An objection in partition, that the complaint does not aver that the plaintiff is in possession of the premises, is too late when first made on appeal after judgment; and, it seems, although no possession should be proved. It seems the objection should be taken by demurrer or answer.

Constructive possession as the tenant in common of an undivided share of the premises is sufficient possession to support the action.

Where there is actual possession by the tenant for life, it may be maintained between the remainder-men in fee; and this is so where the remainder in fee is liable to be divested for the benefit of the survivors, upon the death of one.

The estate of a tenant for life, in possession, was sold under a mortgage of it. A remainder-man in fee brought partition against his co-tenant (an infant) in the remainder, which was liable to be divested by the death of either, without issue, for the benefit of the other, and joined the purchaser as a party, against whom there was judgment by default. A decree was made for sale, payment of the value of the life estate in gross, and investment of the balance for the benefit of the remainder-men, and payment of the income and principal according to their rights and interests. On appeal by the defendants the decree was affirmed.

Devise to tenant for life, remainder over to testator's two children; if one died without issue, survivor to take the whole. *Held*, that each child took a vested remainder in fee, subject to be divested by his death without issue.

THIS was an appeal by the defendants, Edwin Mills and William M. Hurtin, an infant, from a judgment in partition, entered by order of the court at Special Term.

The premises were situated in Orange county, and were devised by William Hurtin, who owned them in his lifetime, in his will, as follows:

"And first I give and bequeath unto my son, Alfred D. Hurtin, the farm on which I now live during his natural life, and also the piece and parcel of land which I took from William D. Hurtin's farm adjoining the widow Hill as above mentioned. At his death I give and bequeath to his two sons, George Walter Hurtin and William Mills Hurtin, for

them and their heirs forever, the piece of ground adjoining the widow Hill as above mentioned. But if one dies without leaving any child or children, the surviving brother to have the whole of all the land above mentioned, for himself and his heirs, forever."

Upon the decease of William Hurtin, in 1858, Alfred D. Hurtin, the devisee for life, entered into possession, and continued in possession at the entry of the decree. In October, 1861, however, he executed and delivered a mortgage of all his right, title and interest in the premises, and in January, 1861, the same was sold under the power of sale therein, and was purchased by the defendant, Edwin Mills, to whom it was conveyed by sheriff's deed.

The action was brought by George W. Hurtin, one of the sons of Alfred D. Hurtin, against Mills, the purchaser of the life estate, and William W. Hurtin, an infant, his brother. John E. Howell was, after the decree and in August, 1872, substituted as plaintiff. A guardian *ad litem* was appointed for the infant, who put in a general answer, submitting the infant's rights to the protection of the court; the other defendant made default.

A decree was entered declaring the respective rights of the parties, and directing a sale of the premises, and, among other things, further directing the payment to the defendant, Mills, of a sum in gross, in full satisfaction of his interest as purchaser of the life estate of Alfred D. Hurtin, to be calculated upon the principles applicable to life estates under the rules and practice of the court, and also directing a payment of the balance of the proceeds of the sale to the Orange county treasurer, to be invested for the benefit of the then plaintiff, George W. Hurtin, and the defendant, Hurtin, the interest to be paid annually to them in equal portions during their joint lives, and on decease of either, without issue surviving him, the whole principal to be paid over to the survivor; and in case either should die leaving issue surviving him, then the principal to be equally divided between the survivor and the issue of the deceased, the issue taking one moiety and the survivor the

other. From the judgment entered the defendants appealed in May, 1872.

*G. O. Hulse*, for the appellants.

*Sharpe & Winfield*, for the respondent.

Present—GILBERT and TAPPEN, JJ.

By the Court—GILBERT, J. The complaint contains no averment that the plaintiff was in possession of the premises sought to be partitioned. Neither of the defendants interposed a demurrer on this ground, nor was the objection taken at Special Term in any form. We think it cannot be presented here for the first time. This certainly is the general rule. (*Pope* v. *Dinsmore*, 29 Barb., 367; *Carley* v. *Wilkins*, 6 id., 558.) The statute evidently contemplates that the objection should be taken by the defendants by demurrer or answer (2 R. S., 320, §§ 16 to 25; Code, §§ 144, 147, 148, 448); and when it is not so taken, the judgment must conclude the parties. (*Blakely* v. *Calder*, 15 N. Y., 617; *Horton* v *McCoy*, 47 id., 24.)

But if that judgment were properly before us for review, we should be of opinion that the objection that the plaintiff was not in the actual possession of the premises, but that they were in the actual occupancy of the life tenant, is not a good one.

The statute does not require a *pedis possessio*. It is enough that the plaintiff has a present estate as tenant in common or joint tenant, and is constructively in possession of an undivided share or interest in the premises. (*Burhans* v. *Burhans*, 2 Barb. Ch. R., 408; *Jenkins* v. *Van Schaack*, 3 Paige, 242.) The object of the revisers in reporting this statute was to exclude a party from instituting a suit for the partition of premises held adversely to him. As reported by them, the statute required an actual possession, but the legislature struck out the word "actual." From this fact, it is reasonable to

infer that they intended that a constructive possession of the plaintiff should be sufficient. (*Beebee* v. *Griffing*, 14 N. Y., 238.)

This court did indeed hold in *Brownell* v. *Brownell* (19 Wend., 370) that when the plaintiff had only an interest in remainder, the suit could not be maintained. But that case was decided before the amendatory act of 1847 was passed. (2 Laws of 1847, 587.) In the case of *Blakely* v. *Calder* (13 How., 476), which arose since the act of 1847, it was held by this court that an existing admitted life estate, although covering the whole premises, does not prevent the remainder-man from being deemed "in possession" within the meaning of the law.

The judgment in that case was affirmed by the Court of Appeals (15 N. Y., *ubi sup.*) upon another ground, but at the same time a strong expression in favor of the position of this court, upon the question under consideration, was given. The decision in *Blakely* v. *Calder* accords with our own views of the law, and, being the latest one which we have been able to find bearing directly upon the point, must govern us in the disposition of this case. (See also Laws of 1852, 411.)

The estate of the plaintiff, George Walter Hurtin, we think was a vested remainder in fee, subject to be divested by his death without issue. (*Williamson* v. *Field*, 2 Sand. Ch. R., 533, and cases cited.) The present capacity of taking effect in possession, if the possession were to become vacant, and not the certainty that the possession will become vacant before the estate limited in remainder determines, universally distinguishes a vested remainder from one that is contingent. (2 Cruise Dig., 270.) We have looked into the authorities cited on behalf of the appellant, but none of them appear to us to conflict with the conclusions we have expressed.

The judgment must, therefore, be affirmed, with costs.