CHINN, appellant, v. KEITH.

*Devise — vested remainder — Partition by remainderman.*

Lands were devised to K. for life, and after her death to the heirs of her body
   whom she should leave her surviving.    In an action of partition brought by
   one of the children of K., and during K.'s life-time, *held,* that the devise
   created a vested remainder in fee in the children of K., and that plaintiff was
   entitled to partition as matter of right.

APPEAL from an order of the Special Term denying a motion to
confirm the report of a referee.

The action was brought by Belle E. Chinn against Ellen H. Keith,
Gilbert Shader and others, for the partition of certain lands situated
in Wyoming county, of which one Arabella Baldwin died seized.
By her last will and testament she devised the lands described in
the complaint to her daughter, Ellen H. Keith, who is one of the
defendants, to have and to hold the same during her natural life
and, after her death, to the heirs of the body of the said Ellen H.
Keith, whom she shall leave her surviving.

Mrs. Baldwin died in 1853, and the will was duly admitted to
probate by the surrogate of Wyoming county.    Mrs. Keith, the
tenant for life, entered into the occupancy of the lands and, either
in person or by her tenants, has occupied them ever since.

The plaintiff in the action, who is of full age, is one of the chil-
dren of said Ellen H. Keith ; Gilbert Shader, who is made a defend-
ant, is a tenant at will of the premises.    The seven other defendants
are all the children of Ellen H. Keith, and are minors, and appear
and put in a general answer in this action by their guardian *ad litem.*
The other defendants made no appearance.

The referee who took proof of the facts set forth in the complaint
reported the same as above stated, and found that after the termina-
tion of the life estate of Ellen H. Keith, her eight children, who
are parties to this action, will be each entitled to an undivided eighth
part of the fee of said lands; that the same cannot be divided with-
out great prejudice to the owners ; and also that the life tenant is
willing to accept a gross sum to be adjusted upon the principle of
life annuities, in lieu of her life estate.

A motion was made at a Special Term held by Mr. Justice
BARKER to confirm the report of the referee, and for an order of

sale. The motion was denied "upon the ground that the court has no jurisdiction to award partition upon the application of this plaintiff."

From the order denying the motion plaintiff appealed to this court.

*L. A. Hayward,* for appellant.

*L. W. Thayer,* for respondents.

GILBERT, J. If the decision of the court of appeals in *Moore* v. *Littel,* 41 N. Y. 76, is to be taken as a correct exposition of the law, the devise in this case to "the heirs of the body of Mrs. Keith whom she shall leave her surviving," created a vested remainder in fee in the present plaintiff and her brothers and sisters. No sensible distinction on this point can be drawn between the two cases. Such remainder is liable to open and let in after born children of Mrs. Keith, and is liable also, in respect to the share of any child now living, to be defeated by his or her death before the death of Mrs. Keith. Such is the rule of law laid down in *Moore* v. *Littel.* It is a rule of property. We have no alternative but to follow it whatever may be our own views of its correctness.

The future contingent interests of persons not *in esse* may be effectually barred by a sale under a judgment in partition. *Mead* v. *Mitchell,* 17 N. Y. 210 ; *Clemens* v. *Clemens,* 37 id. 59 ; *Noble* v. *Cromwell,* 27 How. 289 ; *Brevoort* v. *Grace,* 53 N. Y. 251.

If, therefore, a suit in partition may be maintained in behalf of a vested remainderman, the order appealed from is erroneous. Partition between tenants in common of real estate is matter of right by common law as well as by statute. Allen on Partit. 4, 78, 87 ; *Smith* v. *Smith,* 10 Paige, 470 ; *Van Arsdale* v. *Drake,* 2 Barb. 599 ; *Haywood* v. *Judson,* 4 id. 228. And it must now be deemed settled that one who is entitled to a vested remainder in lands is in possession of his undivided share within the meaning of the statute, notwithstanding there is a life estate covering the whole premises, and the tenant for life is in the actual occupancy thereof. *Howell* v. *Mills,* 7 Lans. 193, and cases cited, S. C., 53 N. Y. 322.

It follows that the order appealed from must be reversed.

*Order reversed.*