## SULLIVAN v. SULLIVAN.

*Partition — remainder-man, not in actual possession, may maintain action for. Tenancy in common — constructive possession.*

A sole remainder-man of the undivided one-half of certain lands not in actual possession thereof, *held*, entitled to maintain an action for partition against the life-tenant of the remainder-man's one-half and the owner of the other half.

Constructive possession is sufficient to constitute the unity of the right of possession required in a tenancy in common.

APPEAL by defendants from a judgment ordered at the special term upon the report of a referee.

The action was brought by Mary Kate Sullivan, an infant, by her guardian *ad litem*, against Mary Sullivan and Thomas Sullivan, to compel a partition or sale of certain premises situated in the city of Troy, and judgment was rendered for a sale of the premises and division of the proceeds. The defendant Thomas Sullivan took exceptions to the report of the referee, and brought this appeal from the judgment. The material facts, as found by the referee, are that John Sullivan, plaintiff's testator, in his life-time, owned in fee, and was possessed of, the one equal undivided half part of the premises described in the complaint, as tenant in common with the defendant Thomas Sullivan. That he devised the same to his wife, the defendant Mary Sullivan, for life, with remainder to plaintiff in fee. John Sullivan, at the time of his death, and Thomas Sullivan, with their families, were residing upon the premises, and the plaintiff, with her mother, and Thomas, with his family, continue to reside upon them.

*Smith, Fursman & Cowen,* for appellants.

*Townsends & Browne,* for respondent.

Present — LEARNED, P. J., BOARDMAN and POTTER, JJ.

POTTER, J. But one question is discussed upon the points in behalf of the appellants; and that is, whether the plaintiff can maintain an action of partition upon the facts in this case. The

objection that the plaintiff cannot maintain such action was distinctly taken by the answer, and is determined by the judgment.

This question, from the examination I have been able to give it, does not seem to have been decided by the court of last resort in this State. Nor have the decisions of this court upon the question been entirely uniform.

This question is very ably discussed, and the cases claimed to have a bearing upon it are reviewed and criticised in *Blakeley* v. *Calder*, 15 N. Y. 617, by Judge DENIO. The conclusion reached by him is, that all those cases were decided upon questions other than the one involved in the case of *Blakeley* v. *Calder*, except the case of *Brownell* v. *Brownell*, 19 Wend. 397, and the decision in the latter case is not a correct exposition of the law upon this question, if it was really involved in the latter case.

This court had held in the case of *Blakeley* v. *Calder*, 13 How. 476, that a remainder-man, though not in the actual possession of premises, might maintain an action for their partition. This case was taken to the Court of Appeals, and Judge BOWEN, in that court, delivered an opinion affirming the judgment of the court at general term, that the purchaser at partition sale of the premises be compelled to complete the purchase, upon another ground than the right of the remainder-man to maintain the action. Judge DENIO also wrote the opinion in the case above referred to, in favor of affirmance, upon the ground that the owner of a vested remainder, though not in the actual possession, could maintain an action for partition, and the opinion of Judge DENIO was concurred in by three other (and, perhaps, not the least able) judges of that court.

The next reported case involving this question is *Howell* v. *Mills*, 7 Lans. 193. That case distinctly held that a remainder-man not in actual possession could maintain the action. .

I do not think the court, in the case under consideration, would be warranted in disregarding the current of decision upon this question, even if its members entertained views not altogether in harmony with the cases cited. The decisions upon the subject since *Brownell* v. *Brownell*, *supra*, concur that an actual or present possession is not necessary to maintain the action, but that the language of the statute (2 R. S. 317), "When several persons shall hold and be in possession," is satisfied, though the remainder-man be not in the actual possession.

It may be remarked that the legislature evidently took this view

in enacting the 448th section of the Code, and in making the provisions of the Revised Statutes applicable to the action of partition; for the language of that section is, "When lands, etc., are held *or* possessed by joint-tenants *or* tenants in common."

But it is insisted, in this case, that however it may be held as to the right of one of several remainder-men, who are not in actual possession, to maintain the action of partition, a sole remainder-man cannot maintain the action. In other words, that as the plaintiff must be a joint-tenant or tenant in common, in order to maintain partition, the plaintiff in this case, having no tenant in common, cannot maintain the action. It is argued that the plaintiff is not a tenant in common, because there is no unity of possession between her and any other owner. This argument is based upon the necessity of an actual possession. But is actual possession necessary to constitute a tenancy in common? We have seen that *actual* possession is not required under a statute giving the right to this action to persons in possession. *Constructive* possession answers the requirement of that statute. May not constructive possession equally well answer the requirement of the definition of a tenancy in common?

A tenant in common, as defined, 1 Washburn on Real Estate, 562, "is where two or more persons hold possession of lands and tenements at the same time by several and distinct titles." The quantities of their estate may be different, the shares may be unequal, the modes of acquisition of title may be unlike, and the only unity between them be that of possession.

"There may be a tenancy in common among several owners of a remainder." *Connecticut River Railroad Co.* v. *Clapp*, 1 Cush. 563; *Coleman* v. *Lane*, 26 Ga. 515. If neither of the remainder-men is in the actual possession of premises, so as to allow the bringing of an action of partition, possession is presumed, from the allegation in the complaint that the parties are seized as tenants in common. *Jenkins* v. *Van Schaack*, 3 Paige, 242; *Burhans* v. *Burhans*, 2 Barb. Ch. 398. The seizin of one tenant in common, who admits or does not deny the title of his co-tenant, may be considered as the seizin of all the tenants. *Shumway* v. *Holbrook*, 1 Pick. 114. Where there is no visible adverse possession, the entry of one co-tenant is deemed a possession and seizin of all according to their titles. *Thomas* v. *Hatch*,

3 Scam. 170. Possession of one tenant in common is the possession of all. *Bryan* v. *Atwater*, 5 Day, 191.

Hence, I conclude, that constructive possession is sufficient to constitute the unity of the right of possession required in a tenancy in common. *Putnam* v. *Ritchie*, 6 Paige, 398.

It is also urged that a power in a remainder-man, having no right of actual possession till a remote future, to compel a partition or sale of lands in the actual occupation of other owners, who prefer, and whose interest it is, to continue that occupation during the period that they are entitled to the actual occupation, may be inopportunely or oppressively exercised. These are the conditions and incidents which appertain to this species of ownership of real estate, and cannot become legitimate subjects for the consideration of the court, in the present stage of this case.

The judgment should be affirmed, costs of the parties to this appeal to be paid out of proceeds of sale as provided in the judgment.

LEARNED, P. J., dissented.

*Judgment affirmed.*