Muller agt. Struppmann *et at.*

# SUPREME COURT.

## MULLER, by guardian, agt. STRUPPMANN *et al.*

*Partition — when will not be granted — real estate of infants.*

Adam Muller left him surviving his widow and four children, to whom he bequeathed by will the rents and income of his real and personal estate, one-half to his widow and the other moiety to his children, until the youngest attained the age of twenty-one, when, in case of the survival of the widow, one-half of the realty was to be set apart, she to retain the income therefrom until her decease, the other half to be equally divided among the children in fee. In case of the death of the widow before the event mentioned, the whole of the realty to be equally divided in fee, when the youngest child attained the age of twenty-one years, an event, it is conceded, that has not yet happened. Action was brought by the guardian of the infant heirs for partition, and, after sale of their lands, motion is now made to compel the purchasers to take title:

*Held,* that the supreme court, as a court of equity, has no inherent original authority to direct the sale of the real estate of infants; and that the general provision of the statute declaring that "No real estate, or term of years, shall be sold, leased or disposed of in any manner against the provisions of any last will, or conveyance by which such estate was devised to such infant," was a prohibition upon the power of the court to decree partition and rendered the proceedings void *ab initio.*

*Special Term, September,* 1878.

*George F. & J. C. J. Langbein,* for the motion.

*Goldfogle & Fisher, Solomon & McNulty,* for the purchaser.

*D. T. Robertson,* as *amicus curiæ.*

Muller agt. Struppmann *et al.*

DANIELS, *J.* — This court, as a court of equity, has no inherent original authority to order the sale of the real estate of infants. It proceeds, on the other hand, by virtue alone of statutory power, and consequently when a departure is made from that authority the court proceeds without jurisdiction, and the acts performed are necessarily void. That principle has been applied and acted upon when adjudications dependent for their validity upon the observance of other statutory regulations have been brought in question (*Bullymore* agt. *Cooper*, 46 *N. Y.*, 236.) Proceedings of this general nature have often been drawn in question, and practically the same principle has been applied to determine their effect. In order to be maintained they are uniformly required to observe what the legislature, by the statute governing them, may have prescribed.

Proceedings, by petition or action, for the sale of the real estate of infants are of this nature. They have been authorized alone by legislation, and the limits imposed upon them are therefore controlling on the courts. Where they are transcended to that extent the proceeding is without authority, and for that reason invalid. One of these restraints has been imposed upon the sale of infants' lands by a general provision of the statutes, declaring that "No real estate, or term for years, shall be sold, leased, or disposed of in any manner, against the provisions of any last will, or of any conveyance by which such estate or term was devised or granted to such infant" (2 *R. S.* [*Edmonds'* ed.], 203, sec. 176). This is a general prohibition, including all actions and proceedings by which a sale may be in any manner made, in contravention of which no infants' land can be legally sold. The same reason will apply for preventing the sale in one form as in another. The object of the provision was to prevent the lands of infants from being in any form sold when a sale would defeat the instrument under which the title should be acquired. And all proceedings terminating in such a result must consequently be void, otherwise the courts could practi-

cally repeal the statute. That was the conclusion which was sustained in the case of *Rogers* agt. *Dill* (6 *Hill*, 415), and its authority in this respect does not seem to have since been questioned. No such restraint upon the authority of the courts was in the case of *Blakley* agt. *Calden* (15 *N. Y.*, 617), or in that of *De Forest* agt. *Farley* (62 *id.*, 628). They were at most simply erroneous and conclusive as to the rights of the parties as long as they remained unreversed. The defect is much more serious than that when this statute applies to the case, for it involves the exercise of authority which the legislature have declared that no court shall possess. And if that can be disregarded, then the means may be supplied by the action of the courts through which the intention of the legislature and of the testators will be at the same time frustrated and defeated. That is a result which courts created to administer the laws should be expected not to sanction by their decisions.

The purchaser of the property sold under the judgment in partition in this case, has declined to accept the title tendered because the sale was made in violation of this provision of the statute. The will under which the point arises was before the general term of this court for consideration in the case of *Young* agt. *Langbein* (14 *N. Y. Sup. Court*, 151), and so far as its terms become important in the decision of this application, they will be found to be there reported (*Id.*, 154, 155). The testator, by his will, made no direct devise of his real estate, but he gave to his widow one half of its net rents, and the other half of such rents he gave to his children, " until the youngest child shall attain the age of twenty-one years, when said estate is to be divided equally among my said children, absolutely in fee forever. " It was, however, further declared that if the testator's widow should then be living, that she should still continue to receive her one-half of the income, and that the division of that half should be postponed until the period of her decease. But the division of the other half was still to be deferred as he had directed it until his youngest

child should become twenty-one years of age.   As to this one-half of his real estate, his intent very evidently was that no division of it should be made while his youngest child remained a minor.

The widow is now deceased, and for that reason the contingency made to depend upon her life is not one important to be further considered.   But the other restraint as to the other half of the testator's real estate still remains as the testator declared and created it, and from that, as no sale of the property affected by this judgment was authorized by the act of the executors, it is evident that he designed his children should only have the rents during the minority of his youngest child, and that the property itself should not be divided among them until the youngest child became twenty-one years of age. This was the view taken of this will when the case of *Young* agt. *Langbein* (*supra*) was decided, and the restraint was then considered to be operative.   And the same conclusion was also expressed concerning a similar devise in the case of *Rogers* agt. *Dill* (*supra*).   It has been suggested that a different opinion had been expressed in other actions and proceedings; but no adjudication of that nature has been shown which would justify the least deviation from the principle of those which have been already mentioned.   The sale was only one mode for making a division of this half of the testator's estate, when the legislature had declared that it should not be done as long as it contravened the directions he had given.

It has been objected that this restraint produced an unlawful suspension of the power of alienation, and for that reason it was inoperative.   But that was not the case, for such a direction as this simply has the effect of preventing a division of the estate until the child attains the age of twenty-one years or previously departs this life.   In either event the estate is made dependent on the continuance of the minority before the property becomes divisible (*Lang* agt. *Ropke*, 5 *Sand.*, 363 ; *Burke* agt. *Valentine*, 52 *Barb.*, 412).

Muller agt. Struppmann *et al.*

The sale made as to this one half of the estate was unauthorized, and for that reason, without considering the other objections, the motion made to compel the purchasers to accept the title must be denied, and the commissioners must refund the money received by them under the terms of the sale which they made.

---

### *Examining Parties to Action de bene esse.*

NOTE. — *Montague* agt. *Worstell* (*ante, p.* 406) was decided in October, 1877, instead of May, 1878, as reported, and lead to an amendment of the statute so as to obviate the objection pointed out. The amendment was passed May 21, 1878, and is chapter 299 of the Laws of that year, and is in these words:

SECTION 1. Section 870 of chapter 416 of the Laws of 1877, entitled "An act relating to courts, officers of justice and civil proceedings," is hereby amended so as to read as follows:

Sec. 870. The deposition of a party to an action pending in a court of record or of a person who expects to be a party to an action about to be brought in such court, other than a court specified in subdivision sixteenth, seventeenth, eighteenth or nineteenth of section two of this act, may be taken at his own instance or at the instance of an adverse party, or of a coplaintiff or codefendant, at any time before the trial, as prescribed in this article.

Sec. 2. This act shall take effect immediately.    [ED.