### WALLERSTEIN *v.* AMERICAN SURETY CO.

*(City Court of New York, General Term.  October 22, 1891.)*

1. PLEADING—DEMURRER.
    On trial of demurrer to answer for insufficiency defendant may attack the complaint for insufficiency, but only at the trial, and must then impress his attack on the record, so as to inform the appellate authority that he has so attacked it; otherwise his objection will not be heard on appeal from the judgment.

2. APPEAL-BOND—SURETIES.

 An undertaking whereby a surety undertakes that an appellant will pay the value of the use and occupation of premises if a judgment is affirmed is a contract of suretyship, and the respondent need not first resort to his remedy against appellant, but may proceed directly against the surety upon defendant's failure to pay when the judgment is affirmed.

(*Syllabus by the Court.*)

 Appeal from special term.

 Action by Harry Wallerstein against the American Surety Company. A demurrer to the answer was sustained, and defendant appeals.

 Argued before EHRLICH, C. J., and VAN WYCK and NEWBURGHER, JJ.

 *Osborn & Beatty,* for appellant. *Ira Leo Bamburger* and *Peter A. Hatting,* for respondent.

 VAN WYCK, J. Before considering the merits of defendant's appeal from the judgment sustaining plaintiff's demurrer to the affirmative defense in the answer for insufficiency, an investigation should be made of the question whether the general term should listen to defendant's objection that the complaint does not state facts sufficient to constitute a cause of action, since he has made no such objection at the trial of the demurrer at special term, but does so for the first time on the hearing of this appeal. It is the established rule of practice that on the trial of a demurrer to an answer for insufficiency the defendant can attack the complaint on the ground of its insufficiency; but can he remain silent at the trial as to such defect, and still have the right to make available objection upon the hearing of the appeal from the judgment? Such is the contention of the defendant's counsel. It does seem that the maintenance of an orderly system of practice requires an investigation of this question. Judge PRATT, in writing at general term, in dismissing an appeal in *Pope* v. *Dinsmore,* 29 Barb. 367, says: "It is claimed on the part of the defendant that an objection to the sufficiency of the complaint may be taken for the first time upon appeal. If that be so, this appeal cannot be dismissed. It is true that when the complaint does not state facts sufficient to constitute a cause of action the objection need not necessarily be made by demurrer; but the question, in my opinion, should in some form be raised and passed upon at special term or circuit before the party objecting should be allowed to appeal. Under the Code, the appeal to the general term seems to be provided for the review of actual determinations of the court at circuit and special term." And Judge GILBERT, also at general term, in *Howell* v. *Mills,* 7 Lans. 193, says: "The complaint contains no averment that the plaintiff was in possession of the premises to be partitioned. Neither of the defendants interposed a demurrer on this ground, nor was the objection taken at special term in any form. We think it cannot be presented here for the first time." Although these two cases did not present nor consider a question similar to the one now under investigation, and cannot, therefore, be deemed positive authority, still they involved the same general principles of practice. However, it would seem that the court of appeals has passed practically upon the same question in *Hofheimer* v. *Campbell,* 59 N. Y. 269, in which the allegations of the complaint were not denied, and on the trial no proof thereof was made or offered; but the answer alleged an affirmative defense, which the judge at trial decided was not good in law, and refused to allow proof thereof, to which defendant duly excepted, whereupon a verdict was directed for plaintiff for the sum claimed in the complaint. No objection was there made to the sufficiency of the complaint, but on the hearing at the general term of the appeal taken by the defendant his counsel then for the first time made specific objection that the complaint did not state facts sufficient to constitute a cause of action; and Chief Justice CHURCH, writing for affirmance of the general term, said: "It is insisted that the attention of

the court below was not called to any defect in the complaint, and that no such question can be raised here. I think this point cannot be taken here. It was assumed that the facts stated constituted a cause of action. The defendant did not move for a nonsuit. If the objection had been taken at the trial, the complaint might have been amended, and the additional facts supplied. It is a general rule, in the trial of actions, that defects which, if pointed out, may have been supplied or avoided, will not be available on appeal. That section (meaning 148 of the Old Code, which corresponds to 499 of the New Code) merely provides that the objection that the complaint does not state facts sufficient to constitute a cause of action is not waived by the omission to raise the question by answer or demurrer, the effect of which is that such objection may be taken on the trial. In general, such objections are waived if not taken by the pleadings or on the trial. It would be manifestly unjust to permit an objection for the first time in this court which the party had every opportunity to present in the court below, and which, if made, might have been obviated. The question presented is not free from difficulty, but we think it is not available in this court." The conditions presented at the trial in the *Hofheimer Case* were such that no disputed questions of fact were tried, but the judge was called upon to try the very same questions of law which he would have tried if he had been holding a special term, and hearing the demurrer to the affirmative defense set forth in the answer. This case would seem to establish as the best practice the rule that a defendant on the trial at special term of a demurrer to the answer for insufficiency may attack the complaint for insufficiency, but must so impress his attack on the record as to inform the appellate authority that the same had been made at the trial, before he will be allowed to question the sufficiency of the complaint on the appeal from the judgment. The unreported decision by Judge TRUAX is not at variance with this rule of practice. He was sitting at special term, supreme court, and properly allowed the defendant to attack the sufficiency of the complaint when hearing plaintiff's demurrer to the answer; but he cites the case of *Parsons* v. *Hayes*, 50 N. Y. Super. Ct. 29, which apparently holds a different rule of practice, and the case of *People* v. *Booth*, 32 N. Y. 397, which merely holds that on demurrer to answer for insufficiency the defendant may attack the complaint for its insufficiency. This is the undoubted rule of practice, but that case does not hold that such attack can in the first instance be made on appeal, nor does it appear therein that the attack was not made on the trial at special term; and hence it must be assumed that it was first made at the trial. The *Parsons Case* was an appeal to the superior court, general term, from an order overruling some of the demurrers interposed by plaintiff to some parts of the answer, which the judge writing says should be dismissed, as no appeal lies from such an order, but only from an interlocutory judgment entered thereon, and on the conclusions which the judge finds as matters of law. That is the practice, but the appeal was not dismissed, and the judge writing proceeds to consider for some reason the appeal as an appeal from such a judgment. Possibly both counsel may have consented that the general term might consider the matter *de novo*, or may be it was considered as an appeal from an order where the general term exercises authority to give affirmative relief to the party opposing the motion, as held in *Bennett* v. *Lake*, 47 N. Y. 93; and yet it would seem from the opinion that the plaintiff had objected to the general term considering any objection to the sufficiency of the complaint. At any rate, the appeal was considered on its merits, and the sufficiency of the complaint fully investigated, and final conclusion reached that the complaint was not insufficient, and that the plaintiff's demurrers to the answer were properly overruled. Judgment was affirmed, and TRUAX, J., dissented. It can hardly be said that this case is an authority upon the question now under discussion. The rule laid down in

the *Hofheimer Case* tends to a more orderly system of practice than the one contended for in the *Parsons Case.*

The objection of this defendant, the surety company, to the complaint would seem to be technical, for at most plaintiff has accidentally omitted to add the words "mentioned in said undertaking" after the word "defendant," where he alleges that defendant has not paid the value of the use, etc.; and it is fair to assume that, had objection been made to this omission at the trial, the judge would have allowed it to have been supplied, if requested to do so. Moreover, should the general term consent to hear defendant's objection originally, it would have all the authority of the special term, including that of allowing plaintiff to amend his complaint; but the assumption and exercise generally of such original authority by a general term would lead on and on until its appellate authority might be lost sight of in the labyrinth of original questions which would be presented for consideration. The plaintiff's demurrer, on the other hand, is substantial, and directed at the very substance of the defense, and, if sustained, would merely leave the defendant as contesting the reasonable value of the use and occupation; and thus is reached the consideration of the question whether the affirmative defense in the answer is good in law. The defendant surety company did, by the undertaking sued upon, undertake that, if the judgment appealed from, which was for $260 and the recovery of immediate possession of certain real property, is affirmed, the appellant Bohanna will pay the costs of appeal, the sum directed to be paid by the judgment appealed from, and the value of the use and occupation of the property from the time of taking such appeal until the delivery of possession pursuant to such judgment. The judgment appealed from was affirmed, and it seems that the $260 and the costs have been paid, but the value of the use and occupation has not been paid, and this action is brought for the same against the surety company by the respondent in that action. The substance of the affirmative defense of the surety is that the amount of the value of such use and occupation has not been adjusted as between Bohanna, the appellant, and Wallerstein, respondent, by action or otherwise. The undertaking is a contract of suretyship, by which the surety assumes to perform the contract of the principal debtor (Bohanna) if he should not; and is a direct liability to the plaintiff for the act to be performed by the debtor, which was the payment of the value of the use and occupation of the premises. The surety's liability by action was fixed upon the default of the principal debtor, and of which it must inform itself from the principal debtor. It was not necessary for plaintiff to first bring another action against the principal debtor for such value, and if he had done so, and had prosecuted the same to judgment, it could have been of no avail in an action against the surety, who would not be liable for the costs of the same, and could still force the plaintiff to prove the value of the use and occupation. The complaint shows that the judgment appealed from, which directed that plaintiff have immediate possession, was entered and appealed from May 21, 1889, and that the final judgment of affirmance was filed December 20, 1890, and hence the plaintiff was on that day entitled to possession and to the value of the use and occupation from "the time of the taking of said appeal until the delivery of possession," and which had certainly been stayed by the giving of this undertaking until the day of final judgment of affirmance. The surety company must be presumed to have notice of all defaults of the principal debtor, and, if the amount prayed for in the complaint is excessive, the surety company should communicate with Bohanna, to whom it must look for indemnity, and inform him of the conditions of this action, and ascertain from him what is the reasonable worth of the use and occupation, and upon such information offer judgment for the just amount owing, for otherwise it may have a larger bill of costs taxed against it. The final judgment of affirmance was for immediate possession and the value of the use and occupation of the premises. The only thing re-

maining to be done is to ascertain the amount of such value.    In the case of *Hatch* v. *Elkins*, 65 N. Y. 489, the defendant bound himself to indemnify plaintiffs against all losses which they might sustain by acting as stock-brokers for one Badger in short sales of stocks; and thereafter plaintiffs had rendered to Badger an account, showing the amount of his losses, which he had acknowledged as correct, but no action had been brought against Badger, and in this action against Elkins, the surety, it was properly held that this account was no evidence against the defendant, and that plaintiff must prove *de novo* the amount of losses by the short sales of stock for Badger.    Hence what idle form it would be to compel the creditor to first adjust his losses with his debtor before suing the surety, if such adjustment can in no way bind the surety.    Judgment affirmed, with costs.    All concur.