(19 Misc. Rep. 272.)

CASEY et al. v. CASEY et al.

(Supreme Court, Special Term, New York County. January, 1897.)

VENDOR AND PURCHASER—DEFECTIVE TITLE—COLLATERAL ATTACK.

A purchaser at a partition sale cannot refuse to take title because the evidence given on the trial of the partition suit did not warrant the conclusion that the parties were owners in fee of the whole property.

Action by William P. Casey and others against Mary E. Casey and others for partition. Plaintiffs and defendant Mary E. Casey move to compel the purchaser at the partition sale to complete his contract of purchase. Granted.

Lardner, Loughran & Smyth, for plaintiffs.
James Kearney, for defendant Mary E. Casey.
Bowers & Sands, for the purchaser.

TRUAX, J. The objection raised by the purchaser is solely upon the ground that the evidence before the referee upon the issues raised by the pleadings did not warrant the conclusion that the plaintiffs and defendant Mary E. Casey were the owners in fee of the whole property as tenants in common. Every presumption is in favor of the validity of the judgment, and the evidence sustains the referee's report and judgment. No defect available to the purchaser is pointed out in the record. The court had jurisdiction of the subject-matter, and of the parties as far as the subject-matter was concerned, and therefore its judgment is conclusive as to whatever is therein adjudicated, and the purchaser's title will not be affected by any irregularity or defects not going to the question of jurisdiction. Blakely v. Calder, 15 N. Y. 617; De Forest v. Farley, 62 N. Y. 628; Brevoort v. Brevoort, 70 N. Y. 140; Jordan v. Van Epps, 85 N. Y. 436; Woodhull v. Little, 102 N. Y. 167, 6 N. E. 266. In Jordan v. Van Epps the court of appeals said: "The rule is well settled that a judgment rendered by a court having competent authority to deal with the subject-matter involved in the action and jurisdiction of the parties, although against the facts, or without facts to sustain it, is not void, and cannot be questioned collaterally. The judgment is final as to any matters the parties might have litigated as incident to or essentially connected with the subject-matter, and the purchaser gets a good title." In fact, that court went so far as to say, in De Forest v. Farley, supra, "that a purchaser gets a good title, where there is jurisdiction, although the proceedings were irregular." In Brevoort v. Brevoort, supra, "it was held that in a partition case the judgment is conclusive, although no notice has been published to bring in unknown parties, and the purchaser will take a good title"; and in Blakely v. Calder, supra, it was said that "no one but the parties can call in question the purchaser's title, and, as they are bound by the judgment, there is no reason why the sale should not be consummated." See, also, Moran v. Conoma, 59 N. Y. Super. Ct. 101, 13 N. Y. Supp. 625, affirmed without opinion by the court of appeals in 128 N. Y. 591, 28 N. E. 251.

Motion granted, with $10 costs. Ordered accordingly.