### JACOBY v. JACOBY et al.

(Supreme Court, Special Term, Kings County. March, 1905.)

1. TRUSTS—PASSIVE TRUSTS—IDENTITY OF TRUSTEE AND BENEFICIARY.

Under Real Property Law (Laws 1896, p. 570, c. 547) § 72, providing that every person who by virtue of any grant or devise is entitled to actual possession of lands and receipt of the rents shall be deemed to have a legal estate therein of the same quality and duration as his beneficial interest, a will devising property in trust to testator's widow, to be used by her until testator's youngest child arrives at the age of 21 years, at which time the same is to be divided between the widow and all the children equally, does not create a valid trust, but gives the widow a legal estate in the property, equivalent to her beneficial interest.

2. PERPETUITIES—SUSPENSION OF ALIENATION—CONSTRUCTION OF INSTRUMENTS.

A devise of property to testator's wife and children, "to be equally divided and equally shared among them after the youngest child of them shall have attained the age of twenty-one years and until such time and during his minority I desire that my said wife shall receive and have the sole use of the rents and income of my estate," does not suspend the power of alienation for more than two lives in being, but the period of suspended alienation is terminable on the arrival at majority or the prior death of testator's youngest child.

Suit by Julius Jacoby against Henrietta Jacoby and others for the construction of a will. Judgment of dismissal.

Francis A. McCloskey, for plaintiff.

James W. Ridgway, Thomas Kelby, and John M. Zurn, for defendants.

KELLY, J. This suit is brought to obtain a construction of the will of Julius Jacoby, the deceased father of the plaintiff; the plaintiff praying for a decree adjudging the devise of the testator's residuary estate to be void, and asking for an injunction restraining the executors from interfering with the property, and that a receiver be appointed. The testator died in 1901, having married

twice. By his first wife he had four children—the plaintiff, and the defendants Samuel, Emma, and Laura. On the death of his first wife he married the defendant Henrietta Jacoby, and by her had four children—the defendants Edward, Nathan, Charles, and Esther. The second wife and the eight children survived the testator. He left a will, made in 1897, which was duly proved before the surrogate of Kings county on July 25, 1901, and letters testamentary were issued to the defendant executors. He left real and personal property. All of the personalty has been used in paying debts, expenses, and specific legacies. Subsequent to his death the executors, acting under the power of sale contained in the will, sold the real estate; and the proceeds, representing the residuary estate, are now in their hands. This is not a case where the beneficiaries unite in a friendly suit to obtain a construction of the will. There is a contest between the four children by the first wife, and the widow and the four children by the second marriage, over the interpretation and validity of the devise of the residuary estate. The plaintiff, asserting that the effect of the will, if sustained, will be to practically deprive the children by the first marriage of a share in the father's estate, claims that the devise suspends the power of alienation for more than two lives in being at the date of the testator's death, that it is therefore void and that as to the residuary estate the testator died intestate. This is the question to be determined.

The first clause of the will reads as follows:

"First. After all my lawful debts are paid, I give and bequeath all my property of whatever name or kind that I may own at the time of my death, to my wife Henrietta Jacoby in trust for the residuary legatees hereinafter named subject to the following bequests."

Both parties agree that the trust here attempted to be created is void, because the same person is at once trustee and beneficiary. The wife is the sole beneficiary until the division of the property provided for in the sixth clause of the will, and the same person cannot at the same time be trustee and beneficiary of the same identical interest. "To say he could would be a contradiction in terms as complete and violent as to declare that two solid bodies can occupy the same space at the same instant." Chaplin on Suspension of the Power of Alienation, § 166; Rose v. Hatch, 125 N. Y. 427, 26 N. E. 467; Woodward v. James, 115 N. Y. 346, 22 N. E. 150; Lewin on Trusts (8th Ed.) 14. Such a trust cannot be created. But the widow was entitled to the possession of the property, and to the rents and profits thereof, and hence took a legal estate in the land for life. The statute provides that:

"Every person who, by virtue of any grant, assignment or device, now is or hereafter shall be entitled to the actual possession of lands and the receipt of the rents and profits thereof, in law or in equity, shall be deemed to have a legal estate therein of the same quality and duration and subject to the same conditions as his beneficial interest." Real Property Law (Laws 1896, p. 570, c. 547) § 72.

So that the plaintiff obtains no benefit from the finding that the trust attempted to be created is a passive trust.

The testator by the second clause of his will, gave all his personal property to his wife, the defendant Henrietta Jacoby. As to the children by the first marriage, he gave to each of them $5. He states in the will that he has already advanced to Laura and Emma $4,000 each. He makes no mention of advances to the plaintiff or to Samuel, nor is any reason given in the will for practically disinheriting them. As to the children by the second marriage, he gives Esther $4,000, stating that it is the same amount, and given to her for the same purpose, as the money said to have been advanced to the two daughters by the first marriage. Then follows this clause:

"Sixth. All the residue and remainder of my property both real and personal and after the payment of the foregoing bequests I give devise and bequeath to the following named residuary legatees, namely to my wife Henrietta Jacoby, Esther Jacoby, Nathan Jacoby, Edward Jacoby, and Charles Jacoby, the same to be equally divided and equally shared among them after the youngest child of them shall have attained the age of twenty-one years and until such time and during his minority I desire that my said wife shall receive and have the sole use of the rents and income of my said estate after the payment of any tax or expense incidental to the use and care of said property."

In the seventh paragraph of the will he gives his executors power of sale, directing that the proceeds shall be invested; "the interest derived therefrom to go to my said wife as hereinbefore provided." The eighth clause of the will is as follows:

"Eighth. If any of my children, the residuary legatees herein named, shall before such division have died, leaving lawful issue, such issue to receive the parent's share, but if there be no issue, then such share to fall into the general fund to be divided among the survivors, the residuary legatees, my said wife if living taking an equal portion of such share or shares with the survivors aforesaid."

By the ninth clause of the will he appoints his wife guardian of his children, Esther, Nathan, Edward, and Charles, "until they severally arrive at twenty-one years of age."

The controversy between the parties arises over the interpretation of the sixth clause. The plaintiff contends that the testator has devised the residuary estate to his widow to hold until the youngest of the four children by the second marriage shall reach 21 years of age; but he claims that the intention is to suspend the division of the property until all of the four children are of age, and that, as three of them might die before their majority, there is an unlawful suspension of the power of alienation. At the date of the will the ages of the children by the second marriage were as follows: Charles, 11 years; Edward, 12; Nathan, 14; and Esther, 15. The plaintiff avers that the limitation is not dependent on Charles, who was the youngest child at the date of testator's will and at the date of his death, reaching 21 years of age. He says that if this were so the testator would have limited the wife's estate by providing for a division when Charles attained his majority, and that by providing for a division between "my wife Henrietta Jacoby, Esther Jacoby, Nathan Jacoby, Edward Jacoby, and Charles Jacoby, the same to be equally divided and equally shared among them after the youngest child of them shall have attained the age of twenty-

one years," he clearly indicates the intention that the wife shall hold the property until all of the children have reached 21. I have carefully examined the brief submitted by the learned counsel for the plaintiff, and the cases cited by him in support of his contention, but I am unable to agree with his interpretation. While it is the duty of the court, in construing a will, to uphold its provisions, rather than to render them void, this principle would not control if the devise was subject to the criticism asserted against it. To invalidate the testator's disposition of his residuary estate would, it is true, admit the children be the first marriage to equal participation in the estate; but, while "equality is equity," it is not for the court to dispose of the testator's property. The effect of the will may be unjust to the children by the first marriage, as suggested by the learned counsel for the plaintiff; but the will has been duly probated, and the court cannot know what the relations of the parties were, or whether or not the testator had already provided for the issue by the first marriage. I think that the testator, if he had intended that the division should not take place until all of the four children had reached 21, would have provided that it should happen, not "after the youngest child of them shall have attained the age of twenty-one years," but "after the youngest child of them who shall reach twenty-one years of age, shall have attained the age of twenty-one years." In other words, the court must read into the will a provision not found therein, to render the devise nugatory. This, of course, cannot be done. I think the testator meant the division to take place when Charles reached 21; to vest the property in the wife until that time; and, if Charles did not reach that age, the estate of the wife terminated. In re Sand's Will (Sur.) 3 N. Y. Supp. 67; Muller v. Struppman, 6 Abb. N. C. 343; Lang v. Ropke, 5 Sandf. 369; Cooper v. Heatherton, 65 App. Div. 561, 73 N. Y. Supp. 14. This interpretation is also in accord with the language of the will, where, after providing for a division "after the youngest child of them shall have attained the age of twenty-one years" the testator proceeds to say that "until such time and during his minority, I desire that my said wife shall have the sole use of the rents," etc. One of the four children was a girl. The case of Hawley v. James, 16 Wend. 61, which, as plaintiff suggests, was said in Cochrane v. Schell, 140 N. Y. 516, 35 N. E. 971, to be one of the landmarks in the exposition of the law of uses and trusts as modified by the Revised Statutes, confirms the opinion here expressed. In that case the devise condemned by the court was a division of property limited "until the youngest of my children and grandchildren living at the date of this my will and attaining the age of twenty-one years, shall have attained that age." There it will be seen that the division was expressly postponed until the youngest child who should reach 21 years of age attained his majority. But that is not the case at bar. And in the case referred to the court said:

"'Youngest of my children and grandchildren,' standing alone, might well enough refer to the youngest of each class; but the remaining part of the clause is conclusive against this interpretation. It must be not only the youngest, but the youngest living and attaining the age of twenty-one years, and who shall have attained that age."

It follows that the defendants Henrietta Jacoby and her children and the defendant executors are entitled to judgment that the residuary devise is valid, and dismissing the complaint, with costs.