JULIUS JACOBY, Plaintiff, *v.* HENRIETTA JACOBY et al.,
Defendants.

(Supreme Court, Kings Special Term, June, 1905.)

Will — Void trust — Real Property Law, § 72 — Suspension of the power
of alienation.

Though a devise of real property to testator's wife, in trust for
herself and four children, is void as a trust, the widow, under the
provisions of section 72 of the Real Property Law, takes a legal
estate in the land for life to the extent of her beneficial interest
therein.

Under a devise and bequest of the residue of testator's property,
real and personal, to his wife and four children, one of whom
was a girl, " to be equally divided and equally shared among them
after the youngest child of them shall have attained the age of
twenty-one years and until such time and during his minority
I desire that my said wife shall receive and have the sole use of
the rents and income of my said estate after the payment of any
tax or expense incidental to the use and care of said property ",
the division of the property is to take place when the youngest
child reaches twenty-one and vests the property in the wife until
that time; if he does not reach that age, the estate of the wife
is terminated, and there is no unlawful suspension of the power
of alienation.

ACTION for the construction of a will. The opinion states
the case.

Francis A. McCloskey, for plaintiff.

James W. Ridgway, Thomas Kelby and John M. Zurn,
for defendants.

KELLY, J. This suit is brought to obtain a construction
of the will of Julius Jacoby, the deceased father of the
plaintiff; the plaintiff praying for a decree adjudging the
devise of the testator's residuary estate to be void and asking
for an injunction restraining the executors from interfering
with the property and that a receiver be appointed. The
testator died in 1901, having married twice. By his first
wife he had four children, the plaintiff and the defendants

Supreme Court, June, 1905. [Vol. **47.**

Samuel, Emma and Laura. On the death of his first wife he married the defendant Henrietta Jacoby and by her had four children, the defendants Edward, Nathan, Charles and Esther. The second wife and the eight children survived the testator. He left a will made in 1897, which was duly proved before the surrogate of Kings county on July 25, 1901, and letters testamentary were issued to the defendant executors. He left real and personal property — all of the personalty has been used in paying debts, expenses and specific legacies. Subsequent to his death the executors acting under the power of sale contained in the will, sold the real estate and the proceeds, representing the residuary estate, are now in their hands. This is not a case where the beneficiaries unite in a friendly suit to obtain a construction of the will. There is a contest between the four children by the first wife, and the widow and the four children by the second marriage, over the interpretation and validity of the devise of the residuary estate. The plaintiff, asserting that the effect of the will, if sustained, will be to practically deprive the children by the first marriage of a share in the father's estate, claims that the devise suspends the power of alienation for more than two lives in being at the date of the testator's death, that it is therefore void and that as to the residuary estate, the testator died intestate. This is the question to be determined.

The first clause of the will reads as follows: "First: After all my lawful debts are paid, I give and bequeath all my property of whatever name or kind that I may own at the time of my death, to my wife Henrietta Jacoby in trust for the residuary legatees hereinafter named subject to the following bequests."

Both parties agree that the trust here attempted to be created is void because the same person is at once trustee and beneficiary. The wife is the sole beneficiary until the division of the property provided for in the sixth clause of the will, and the same person cannot at the same time be trustee and beneficiary of the same identical interest. "To say that he could, would be a contradiction in terms, as complete and violent as to declare that two solid bodies can occupy

the same space at the same instant." Chap. Susp. Alien. § 166; Rose v. Hatch, 125 N. Y. 427; Woodward v. James, 115 id. 346; Lewin Trusts (8th ed.), 14. Such a trust cannot be created. But the widow was entitled to the possession of the property and to the rents and profits thereof, and hence took a legal estate in the land for life. The statute provides that: "Every person, who, by virtue of any grant, assignment or devise, now is or hereafter shall be entitled to the actual possession of lands and to the receipt of the rents and profits thereof, in law or equity, shall be deemed to have a legal estate therein, of the same quality and duration, and subject to the same conditions, as his beneficial interest." Real Prop. Law, § 72.

So that the plaintiff obtains no benefit from the finding that the trust attempted to be created is a passive trust.

The testator by the second clause of his will gave all his personal property to his wife, the defendant Henrietta Jacoby. As to the children by the first marriage he gave to each of them $5. He states in the will that he has already advanced to Laura and Emma $4,000 each. He makes no mention of advances to the plaintiff or to Samuel, nor is any reason given in the will for practically disinheriting them. As to the children by the second marriage he gives Esther $4,000, stating that it is the same amount, and given to her for the same purpose, as the money said to have been advanced to the two daughters by the first marriage. Then follows this clause: " *Sixth:* All the residue and remainder of my property both real and personal and after the payment of the foregoing bequests I give, devise and bequeath to the following named residuary legatees, namely to my wife Henrietta Jacoby, Esther Jacoby, Nathan Jacoby, Edward Jacoby, and Charles Jacoby, the same to be equally divided and equally shared among them after the youngest child of them shall have attained the age of twenty-one years and until such time and during his minority I desire that my said wife shall receive and have the sole use of the rents and income of my said estate after the payment of any tax or expense incidental to the use and care of said property." In the seventh paragraph of the will

he gives his executors power of sale directing that the proceeds shall be invested, " the interest derived therefrom to go to my said wife as hereinbefore provided." The eighth clause of the will is as follows: " *Eighth:* If any of my children, the residuary legatees herein named, shall before such division have died, leaving lawful issue, such issue to receive the parent's share, but if there be no issue, then such share to fall into the general fund to be divided among the survivors, the residuary legatees, my said wife if living taking an equal portion of such share or shares with the survivors aforesaid." By the ninth clause of the will he appoints his wife guardian of his children Esther, Nathan, Edward and Charles " until they severally arrive at twenty-one years of age."

The controversy between the parties arises over the interpretation of the sixth clause. The plaintiff contends that the testator has devised the residuary estate to his widow to hold until the youngest of the four children by the second marriage shall reach twenty-one years of age, but he claims that the intention is to suspend the division of the property until all of the four children are of age and that as three of them might die before their majority there is an unlawful suspension of the power of alienation. At the date of the will the ages of the children by the second marriage were as follows: Charles eleven years, Edward twelve, Nathan fourteen and Esther fifteen. The plaintiff avers that the limitation is not dependent on Charles, who was the youngest child at the date of testator's will, and at the date of his death, reaching twenty-one years of age. He says that if this were so the testator would have limited the wife's estate by providing for a division when Charles attained his majority and that by providing for a division between " my wife Henrietta Jacoby, Esther Jacoby, Nathan Jacoby, Edward Jacoby, and Charles Jacoby, the same to be equally divided and equally shared among them after the youngest child of them shall have attained the age of twenty-one years," he clearly indicates the intention that the wife shall hold the property until all of the children have reached twenty-one.

I have carefully examined the interesting brief submitted

by the learned counsel for the plaintiff and the cases cited by him in support of his contention but I am unable to agree with his interpretation. While it is the duty of the court in construing a will to uphold its provisions rather than to render them void, this principle would not control if the devise was subject to the criticism asserted against it. To invalidate the testator's disposition of his residuary estate would, it is true, admit the children by the first marriage to equal participation in the estate, but while " equality is equity " it is not for the court to dispose of the testator's property. The effect of the will may be unjust to the children by the first marriage, as suggested by the learned counsel for the plaintiff, but the will has been duly probated, and the court cannot know what the relations of the parties were or whether or not the testator had already provided for the issue by the first marriage.

I think that the testator, if he had intended that the division should not take place until all of the four children had reached twenty-one, would have provided that it should happen, not " after the youngest child of them shall have attained the age of twenty-one years," but " after the youngest child of them *who shall reach twenty-one years of age,* shall have attained the age of twenty-one years." In other words the court must read into the will a provision not found therein to render the devise nugatory. This of course cannot be done. I think the testator meant the division to take place when Charles reached twenty-one, to vest the property in the wife until that time; if Charles did not reach that age the estate of the wife terminated. Matter of Sands' Will, 3 N. Y. Supp. 67; Muller v. Struppman, 6 Abb. N. C. 343; Lang v. Ropke, 5 Sandf. 369; Cooper v. Heatherton, 65 App. Div. 561. This interpretation is also in accord with the language of the will, where after providing for a division " after the youngest child of them shall have attained the age of twenty-one years " the testator proceeds to say that " until such time and during *his* minority, I desire that my said wife shall have the sole use of the rents," etc. One of the four children was a girl. The case of Hawley v. James, 16 Wend. 61, which as plaintiff suggests was said in Cochrane v. Schell, 140 N. Y. 516, to

be one of the landmarks in the exposition of the law of uses and trusts as modified by the Revised Statutes confirms the opinion here expressed. In that case the devise condemned by the court was a division of property limited "until the youngest of my children and grand-children living at the date of this my will and attaining the age of twenty-one years shall have attained that age." There it will be seen that the division was expressly postponed until the youngest child who should reach twenty-one years of age attained his majority. But that is not the case at bar. And in the case referred to the court said: "*Youngest of my children and grand-children*, standing alone, might well enough refer to the youngest of each class; but the remaining part of the clause is conclusive against this interpretation; it must be not only the youngest, but the youngest living and attaining the age of twenty-one years, and who shall have attained that age."

It follows that the defendants Henrietta Jacoby and her children and the defendant executors are entitled to judgment that the residuary devise is valid and dismissing the complaint, with costs.

Judgment accordingly.