ROY HYSINGER et ux.

*v.*

CHARLES J. MULLINAX et al.

(*Knoxville,* September Term, 1958.)

Opinion filed December 12, 1958.

H. D. KERR and W. K. FILLAUER, Cleveland, for plaintiffs in error.

GEORGE E. WESTERBERG, Cleveland, for defendants in error.

Mr. Chief Justice Neil delivered the opinion of the Court.

The plaintiffs in error on this appeal were plaintiffs in the Circuit Court of Bradley County in a suit for damages against the defendants for alleged violation of a restricted covenant in certain parcels of land in which both parties deraigned title from the same common source. We will refer to the parties as they appear in the trial court.

The case was first tried in the General Sessions Court of Bradley County in which the Hysingers sued the defendants for $1,500 damages for erecting a certain building on a lot purchased by them, and which was to be used exclusively for business purposes in violation of a restrictive covenant to the effect that the property in question was to be used for residential purposes only, at least until the year, 1965.

When the case came on to be heard before the General Sessions Court the defendant filed a plea in bar on numerous grounds, all of which are not now pertinent to the

issue made on this appeal. The plaintiffs' suit was dismissed, and upon appeal the case was tried *de novo* in the Circuit Court, that is upon the original warrant, the demurrer, the alleged pleas in bar, and the declaration to which we will later refer.

The declaration alleged that the plaintiffs purchased their home in "Country Club Estates", located in the City of Cleveland, Tennessee, which property was laid off and platted by the original owners in 1939, which plat was duly registered in the Register's office of Bradley County. It is further alleged that all the lots within the said "Country Club Estates" were restricted solely and exclusively for residential purposes; that in violation of such restrictions the defendants were erecting a garage and used-car lot upon their property to the damage of the plaintiff's property.

The declaration alleged that "Several lawsuits have been instituted to prevent business encroachment on this residential subdivision, which have been amicably settled except a certain suit * * * styled *J. G. Lippard, et al. v. Charles J. Mullinax, et al,*" which suit prayed "that the defendants be perpetually enjoined from the construction and maintenance and operation of their garage building or used-car lot." Plaintiffs in the present action were parties complainant in the Chancery Court in the Lippard case. The bill "was dismissed without prejudice to the complainants' suit for damages, *if such they be entitled to in fact or in law.*" (Emphasis ours.)

The demurrer to the declaration was relied on by the defendants, as follows:

(1) The declaration fails to show that there is any privity of contract between the plaintiffs and the de-

fendants for breach of which the defendants can be held liable.

(2) "Because it affirmatively appears from the statement of facts set out in Plaintiffs' Declaration that Plaintiffs' cause of action is of an equitable nature and cannot be enforced in a Court of law, as it seeks a recovery of damages for an alleged violation of a restrictive covenant running with the land."

(3) "Because it affirmatively appears from the statement of facts set out in Plaintiffs' Declaration that the same matters in controversy have been heard and adjudicated in said Chancery Cause No. 5071 made a part of Plaintiffs' statement of facts and Defendants aver that Plaintiffs cannot as a matter of law split their cause of action by seeking equitable relief in one Court and damages in another."

The judgment of the trial court reads as follows:

"This Cause came on to be heard before the Hon. W. Wayne Oliver, Judge, on this 6th day of January, 1958, upon the Plaintiffs' Sessions Court warrant, statement of cause of action, including the Decree in Chancery Court Cause No. 5071, *J. G. Lippard, et als, v. Chas. J. Mullinax, et als*, the Plea in Abatement, Demurrer and Plea in Bar filed by Defendants in General Sessions Court, the entire record in the cause, and especially on Defendants' motion for hearing on the Demurrer heretofore filed in the General Sessions Court. After hearing the Pleadings read, arguments of counsel for both parties, and duly considering the Demurrer, the Court is of the opinion and therefore adjudges that the Second Ground of Demurrer is well taken and is determinative of the matters in controversy and it is not

necessary to consider the matter further, basing his opinion on the case of *'Hall v. Ashford,* 6 Tenn.Civ. App. (Higgins), page 171'*, in which it was determined that a Court of law has no jurisdiction to give a recovery for the violation of restrictive covenants, especially as the Decree of the Chancellor in Cause No. 5071, held *'That it would be inequitable to enforce the restrictive covenants under existing circumstances'."* (Emphasis ours.)

The plaintiffs' suit was accordingly dismissed, and an appeal prayed and granted to this Court. The principal assignment of error is that the trial judge erred in sustaining the second ground of the defendants' demurrer.

▪ The opinion of the Chancellor, which is included in the record, is the law of this case. The "existing circumstances" to which he referred and which support his decree show without dispute that "Country Club Estates" had ceased to be desirable for residential purposes; that a number of lots upon which these restrictive covenants are imposed had been zoned commercial by the City of Cleveland, Tennessee. It thus conclusively appears that the Chancellor was eminently correct in holding that it would be inequitable to enforce these restrictive covenants. The parties complaining were thus left to their remedy at law, if, as stated by the Chancellor, "such they be entitled to in fact or in law." ·

▪ The question for our decision is this; are the plaintiffs limited to their equitable remedy, or can they sue at law for compensatory damages?

The learned trial judge dismissed the plaintiffs' suit on the authority of *Hall v. Ashford,* 6 Tenn.Civ.App. 171, wherein the Court of Civil Appeals held:

"* * * In the cases we have examined, and we have investigated more than we have cited, it has been held in all of them that the complainant's right was either to a specific performance of the limitations and restrictions or to a perpetual injunction permanently restraining the violation of such limitations and restrictions. 3 Paige, 242-3, and notes; 1 Pomeroy's Equity, section 460. None of the cases treat these as legal rights but all of them deal with them as equitable rights to be enforced only in and by a Court of equity. As we have said, *we have found no case where such rights were enforced in a Court of law.* Nor has learned counsel for plaintiff cited us to any case where such Court has taken jurisdiction to grant the relief sought in this suit. If the rights reserved in such deeds are equitable rights, or as Professor Pomeroy designates them, equitable easements, then it seems clear that no Court except that of a Court of Chancery can have jurisdiction to enforce such rights." (Emphasis supplied)

Contrary to the ruling of the trial judge, we think the plaintiffs' remedy at law is not foreclosed because of the changed conditions found to exist in the "Country Club Estates" subdivision. We think his remedy in a court of equity to restrain these violations, or to require specific performance, is not exclusive under the circumstances. Moreover, there is highly respectable authority to this effect: "A zoning law cannot constitutionally relieve land within the district covered by it from lawful restrictions affecting its use for business purposes", citing *Vorenberg v. Bunnell,* 257 Mass. 399, 153 N.E. 884, 48 A.L.R. 1431.

"Whether or not a court of equity will specifically enforce restrictive covenants in conveyances of real estate is a matter for the exercise of sound equitable dis-

cretion in the light of attendant circumstances, after as well as before the passage of a zoning ordinance." *Vorenberg v. Bunnell, supra.*

The holding in *Hall v. Ashford, supra,* is contrary to Pomeroy's view, wherein it is said:

"The equitable jurisdiction to enforce such covenants is subject to one most important limitation. It is not absolute, but is governed by the same general rule which control the equitable relief of specific performance of contracts. If, therefore, the restrictive covenants in deeds of lots were made with evident reference to the continuance of the existing general condition of the property and its surroundings, but in the lapse of time there has been a complete change in the character of the neighborhood, so as to defeat the purposes of the covenants and to render their enforcement an inequitable and unjust burden on the owner of the lots, then the equitable relief will not be granted, *and the plaintiff will be left to his remedy at law*—for example, if the covenants restricted the grantees of lots to use for purposes of residence, and since their execution the whole neighborhood had ceased to be used for such purposes, and had been wholly given up to business, manufacturing, and the like." Pomeroy's Equity Jurisprudence, 4th Ed., Sec. 1295, p. 855. (Emphasis ours.)

The cases and text authority cited in the footnotes are abundant. To the same effect see 14 Am.Jur., Sec. 338, page 665, wherein it is said:

"* * * If the restrictive covenant has ceased to have any beneficial value to the complainant's property, it can form no ground for equitable relief. It has been

said that if the defendant will be subject to great hardship or the consequences would be inequitable, relief will be denied *and the party relegated to his action at law.*'' (Emphasis supplied.)

In support of the foregoing text, it is said in *Ewertsen v. Gerstenberg,* 186 Ill. 344, 57 N.E. 1051, 1053, 51 L.R.A. 310:

''* * * or, in short, it may be said that where, from all of the evidence, it appears that it would be against equity to enforce the restriction by injunction, relief will be denied, and the party seeking its enforcement *will be left to whaever remedy he may have at law.*'', citing cases. (Emphasis ours.)

To the same effect see Bispham's Principles of Equity, 9th Edition, sec. 461, page 729.

The counsel for plaintiffs have cited as authority in support of the assignment of error the case of *Womack v. Ward,* Tenn. App., 186 S.W.2d 619, 620. It appears in this case that there was a breach of restrictive covenant and suit was brought for damages to the plaintiff's property. The Court of Appeals held, ''No actual damages are shown and consequently cannot be recovered. We think, however, the plaintiff is entitled to nominal damages'', citing cases. In addition to these cases the court cites and quotes from 25 C.J.S. Damages sec. 8, p. 465, as follows: ''Nominal damages are given, not as an equivalent for the wrong, but in recognition of a technical injury and by way of declaring a right, * * *.''

While the jurisdiction of the Circuit Court to try the issue of damages was not raised in that case, as in the case at bar, we think it supports the general principle that

where a restrictive covenant is violated the aggrieved party is not confined alone to a court of equity for relief from the wrongs complained of.

There are numerous decisions recited in American Law Reports which deal with certain acts alleged to be in violation of restrictive covenants and which involve the jurisdiction of a court of equity to grant relief. They are entirely collateral to the legal question made on this appeal. 54 A.L.R. 812; 85 A.L.R. 985; 88 A.L.R. 405 and other cases.

■ Whether or not the plaintiffs are entitled to recover damages in the case at bar for alleged injuries to their property arising out of the violation of restrictive covenants is solely an issue for the jury upon the remand of this case.

The plaintiff's assignment of error is sustained, and the case is accordingly reversed. Remand for trial on the merits.